KUEHN, Appellant, vs. CITY OF ANTIGO and another, Respondents.

*March 30—April 20, 1909.*

*Taxation: "Growing crops:" Ginseng: Statutes: Construction.*

1. Ginseng, a plant the roots of which are the marketable and valuable part and require from seven to fifteen years to mature, is, for the purpose of taxation, real estate and not personalty, and is not within the calls of subd. 11, sec. 1038, Stats. (1898), exempting from taxation, among other articles of personal property, "growing crops."

2. The phrase "growing crops" in subd. 11, sec. 1038, Stats. (1898), is used in a restricted sense, and applies to those annual products of the soil which are commonly treated as personalty.

APPEAL from a judgment of the circuit court for Langlade county: CHAS. M. WEBB, Judge. *Affirmed.*

This is an action to set aside an assessment of plaintiff's real estate, on the ground that the assessment is illegal and void because it includes the value of a crop of ginseng growing on the land, and to restrain the collection, or the attempted collection, of taxes on this land on the alleged excessive assessment. Plaintiff is the owner of three fourths of an acre of land within the limits of the defendant city. On this land plaintiff has buildings, improvements, and a ginseng bed. It is admitted that the assessment of the land and improvements, exclusive of the ginseng thereon, at $625 is fair. The assessment of $4,625 included, besides the assessed value of the bare land and the buildings and improvements, the growing crop of ginseng, which was valued at $4,000. The court considered whether or not the ginseng roots and plants were exempt from taxation in Wisconsin as "growing crops," whether, if taxable, the growing ginseng should be taxed as personal property or as part of the real estate, and the reasonableness of the assessment, and held that the ginseng should be taxed as part of the real property and that it was

not exempt, but that the assessment was excessive to the extent of $3,000. The total assessment was reduced to $1,625. This is an appeal from the judgment on the findings of the court as above set forth.

*T. W. Hogan,* for the appellant.

For the respondents there was a brief by *Morson & Mc-Mahon,* and oral argument by *S. J. McMahon.*

SIEBECKER, J. The facts are not in dispute respecting the reputed qualities of ginseng for medicinal purposes and the general characteristics of the plants. It appears that they consist of roots, with a growth of leaves forming a top to the plant, and that the roots are the marketable and valuable part. The roots require from seven to fifteen years to mature and fit them for the market. The plants yield no annual crop except seeds, which are produced annually after the third year, but have no market value in the present state of the ginseng industry. A growing plant, in view of its characteristics and the long time required for its maturity, is not to be classed with emblements or chattels produced from the soil, as are common grains, vegetables, and similar products which are harvested annually. *Simanek v. Nemetz,* 120 Wis. 42, 97 N. W. 508; *Webster v. Zielly,* 52 Barb. 482. The growing plants are therefore not to be classed as personal property for the purpose of taxation under the statutes prescribing what personal property is to be taxed.

It is contended that the court erred in holding that growing plants, while unsevered from the soil, pertain, for the purpose of taxation, to the realty, and that they are not exempted in the law as a growing crop under subd. 11, sec. 1038, Stats. (1898). The trial court properly restricted its determination under the issues to the question of whether or not a bed of growing ginseng should be exempt from taxation as a growing crop. This question involves interpretation of the provision of the above-mentioned statute. The subdivision ex-

cmpts a number of articles of personal property.  The inclu-
sion of "growing crops" therein suggests that the phrase
"growing crops" was used in a restricted sense, and is to be
applied to those products of the soil which are commonly
treated like personalty, namely, the usual annual crops, such
as cereals, maize, vegetables, and the annual products of per-
ennial plants and shrubs.  Such use of the term "growing
crops" in this exemption law accords with the idea that the
product so exempted is in legal contemplation one which in
its growing state may be treated as a chattel and as separated
from the realty.  In legal parlance the term "growing crops"
is commonly applied to crops growing in the soil but suscep-
tible of constructive severance from it by the owner's transfer
of them as chattels, by the operation of law in cases of estates
of decedents, or by levy of an execution.  This legal process
of constructive severance of growing crops has been restricted
to those which are produced or harvested annually and thus
converted into a separate and usable article.  It seems mani-
fest that it was the legislative purpose to exempt from taxa-
tion such growing crops as could by operation of law be con-
structively severed from the realty in which they were grow-
ing and thus be treated in law as chattels and as separated
from the realty producing them.  We are of opinion that
growing ginseng differs greatly from this class of growing
crops and is not to be regarded as within the terms of a "grow-
ing crop," in the sense in which the term is employed in subd.
11, sec. 1038, Stats. (1898).  It must therefore be consid-
ered as part of the land, and is to be included in fixing a valu-
ation on the land for the purposes of taxation.  8 Am. & Eng.
Ency. of Law (2d ed.) 302 *et seq.; Miller v. County of Kern,*
137 Cal. 516, 70 Pac. 549.

We find that the assessed valuation of the land with the
ginseng, found by the circuit court, is abundantly supported
by the evidence, and we therefore cannot disturb its finding.

*By the Court.*—Judgment affirmed.