Lee G. BREWER, Appellant,

v.

**CENTRAL GREENHOUSE CORPORATION,**
d/b/a Greenwood Greenhouses,
Appellee.

No. 16198.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 24, 1961.

Rehearing Denied March 24, 1961.

Mayfield & Atkins, and Bill Atkins, Fort Worth, for appellant.

Walker, Day & Harris, Richard D. Walker, and Philip R. Bishop, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is an appeal from a summary judgment granted upon the motion of the defendant in an action instituted by plaintiff. Plaintiff's suit was for minimum wages allegedly due under the Fair Labor Standards Act of 1938, c. 676, Sec. 1, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. Defendant contended that plaintiff was not entitled to prevail, in that while he was employed by the defendant he was engaged in agricultural endeavors as defined by and expressly exempted from the provisions of the Act.

The whole of the Act in question was incorporated by reference into plaintiff's pleadings. Section 206 (U.S.C.A.), "Minimum wages; effective date", provides an amount which shall constitute the minimum wage to be paid by an employer to his employees engaged in interstate commerce or in the production of goods for such commerce. Section 213, "Exemptions", provides that such provision, i. e., "minimum wage", shall not apply with respect to " * * * (6) any employee employed in agriculture * * *." Section 203, "Definitions", prescribes in subsection (f) that " 'Agriculture' includes farming in all its branches and among other things includes the cultivation and tillage of the soil, * * * the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities * * *." In its brief the defendant acknowledges that "greenhouse operations" come within the purview of the Act. U. S. Department of Labor, Interpretive Bulletin, Part 780, Agriculture, Processing of Agricultural Commodities and Related Subjects.

Nevertheless, defendant contends that the Act, or the Wage and Hour provisions of the Act, do not apply to the work and labor performed by the plaintiff while in the employ of the defendant if it was actually work and labor performed by him within the Act's definition of "Agriculture". Furthermore, says the defendant, the testimony of the plaintiff himself, as embodied in his affidavit attached to his reply to defendant's motion for summary judgment, and as furthermore embodied in his oral deposition, establishes that he was at all material times an "employee employed in agriculture" within the contemplation of the Act, and as such was not entitled to the benefits of its wage and hour provisions.

We agree with the defendant. The Act does not apply to the case at bar, and the undisputed evidence from the plaintiff himself established that there was no material fact issue as to whether the duties performed by him for the defendant were in an agricultural category, such evidence being subject to no other construction than that he was so employed.

█ Primarily, plaintiff founds his contention that a fact issue was raised, foreclosing proper summary judgment, in his affidavit to the following facts: "The principal part of my work consisted of unloading plants from trucks which had brought the plants from points within and without the state of Texas, then placing said plants on beds. Very often these plants, when unloaded, would remain at the place of business of the defendant for a very short period of time, sometimes only overnight." Further information in the affidavit we consider to amount to conclusions rather than factual evidence proper to be considered, as, for example, his statement that such plants "were not produced, cultivated, grown or harvested by the defendant". In plaintiff's deposition he amplified the statement of his affidavit and explained that he would receive and take from the trucks plants to be potted, and, after potting, he would place them on the beds at the greenhouse after which other employees would feed and water them. His duties did not include any action by him connected with shipping out any plants. He agreed that

**520**

his activities performed while in the employ of the defendant might be fairly well summed up as, "Some repair on the greenhouse itself; preparation of beds in which to place the plants; receiving the plants which were shipped in; delivery of plants to storage on the beds; and some occasional preparation for re-shipment after they were sold."

In a case almost "on all fours" with that before us the court held that the employee was within the exemption of Sec. 213(6), along with the comment that while exemptions from remedial legislation are to be narrowly construed, the Congress took unusual pains to make the language of this exemption broad rather than narrow. Damutz v. Wm. Pinchbeck, Inc., D.C.Conn. 1946, 66 F.Supp. 667. See also 31 Am.Jur., p. 909 "Labor", sec. 685 "(Employment in Agriculture) Generally".

In another case involving the interpretation of the provisions of the Act and the agricultural exemption provision thereof it was held that receiving, caring for and preparing nursery products for shipment fell within the exclusion of such exemption. Dye v. McIntyre Floral Co., 1940, 176 Tenn. 527, 144 S.W.2d 752.

We can agree with plaintiff that when or if a grower of nursery stock operates, as a separate enterprise, an establishment for the distribution of such commodities at wholesale or retail, or a processing establishment, the employees at such separate enterprise are not exempt. Such a situation does not fit the facts of the case before us. The same thing can be said relative to the case of Jordan v. Stark Bros. Nurseries & Orchards Co., D.C.W.D.Ark. 1942, 45 F.Supp. 769, in which it was held that the exemption does not apply to employees who were engaged in storing, wrapping and shipping finished products from a greenhouse.

Defendant, in moving for summary judgment on the whole case, assumed the negative burden of showing as a matter of law that the plaintiff had no cause of action against it. This burden was discharged when it established from the evidence of the plaintiff, himself, that the employment duties performed by him for defendant fell within the agricultural exemption provisions of the Fair Labor Standards Act of 1938.

Judgment is affirmed.