LEE G. BREWER, Petitioner
V.
CENTRAL GREENHOUSE CORPORATION D/B/A GREENWOOD
GREENHOUSES, Respondent

No. A-8374.  Decided December 6, 1961
Rehearing Denied January 3, 1962
352 S.W. 2d 101

*Bagby & Atkins,* Arlington, *Jacob I. Karro,* Deputy Asst. Sol., U. S. Dept. of Labor, Washington, D. C., for petitioner.

*Walker, Day & Harris,* Fort Worth, for respondent.

ASSOCIATE JUSTICE WALKER delivered the opinion of the Court.

This suit was brought by Lee G. Brewer, petitioner, against Central Greenhouse Corporation, respondent, to recover minimum wages under the provisions of the Fair Labor Standards Act of 1938. 29 U.S.C.A. Sec. 201 et seq. The trial court granted respondent's motion for summary judgment on the ground that petitioner was an agricultural employee, and the Court of Civil Appeals affirmed. 344 S.W. 2d 518.

■ Anyone employed in agriculture is expressly excepted from the minimum wage provisions of the Fair Labor Standards Act. 29 U.S.C.A. Sec. 213 (a) (6). " 'Agriculture' includes farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, the production, cultivation, growing and harvesting of any agricultural or horticultural commodities * * * and any practices * * * performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market." 29 U.S.C.A. Sec. 203 (f).

■ The definition of agriculture in the Act comprises two distinct meanings. The primary meaning is farming in all its branches and includes certain specific practices such as the production, cultivation, growing and harvesting of agricultural and horticultural commodities. The second and broader meaning covers other activities, whether or not they would ordinarily be regarded as farming practices, provided the same are performed by a farmer or on a farm as an incident to, or in conjunction with, *such* farming operations. See Farmers Reservoir and Irrigation Co. v. McComb, 337 U.S. 755, 69 S. Ct. 1274, 93 L. ed. 1672.

■ Throughout the period involved in this action, petitioner worked in and around respondent's greenhouse in Ft. Worth. Growing plants of various kinds purchased by respondent from others were delivered there by truck. Many of them were in pots when received, but some were bare-rooted. The latter were placed in pots by respondent's other employees. Some of the plants were delivered to respondent's customers shortly after they were received at the greenhouse. The remainder were kept in pots standing in shallow beds of sand until sold. About ninety-five per cent of petitioner's time was spent in unloading trucks and transferring potted plants to and between the beds. He also built the beds and filled them with sand, made repairs to the greenhouse, assisted in pruning, and occasionally prepared plants for shipment. All watering, fertilizing and potting was done by other employees.

Petitioner had little to do with the actual care of the plants, and we think the employment clearly is not covered by the first part of the definition quoted above. His activities fall within the scope of the secondary meaning only if they pertained to farming operations conducted by respondent. Practices which are not in themselves farming are not exempt if the same relate only to farming operations conducted by persons other than the employer. Thus individuals working in an establishment where plants and flowers are distributed at wholesale and retail are employed in agriculture if substantially all of the products sold are grown by their employer in greenhouses and gardens at another location. Walling v. Rocklin, 8th Cir., 132 F. 2d 3. But the exemption has no application to employees engaged in handling and selling rosebushes grown by persons other than their employer even though the latter is also engaged in the production of horticultural commodities. Mitchell v. Huntsville Wholesale Nurseries, Inc., 5th Cir., 267 F. 2d 286.

It is necessary, therefore, to distinguish an agricultural or horticultural enterprise from an operation in which cultivation and care of growing things is merely incidental to wholesale or retail distribution. Potted plants continue to grow while displayed for sale in a department store, but this does not make the store a farm or its owner a farmer. In many cases the real nature of the activity cannot be determined until the facts have been fully developed.

Petitioner's affidavit states that most of the plants with which he dealt were not produced, cultivated or grown by respondent. His deposition indicates that he may have meant only that respondent did not place the seed in the ground and then grow the plant to maturity. The definition of agriculture is not to be so narrowly construed. Damutz v. Pinchbeck, 2nd Cir., 158 F. 2d 882. On the other hand, the affidavit filed by respondent in support of its motion for summary judgment states that the plants were cared for, thrived and grew after being transferred to the beds. This affidavit does not disclose how long the plants remained in the greenhouse, and the affiant may have been referring only to the growth which continued during a rather brief period while they were being held for resale.

■ Viewing the affidavits and deposition testimony in the light most favorable to petitioner, it appears that respondent grew some plants from cuttings. The remaining products it sold were purchased from others, and many of these were in a substantial state of maturity when received. Some of the plants so acquired

were held by respondent for only a short time, occasionally less than twenty-four hours. Others remained and grew in the greenhouse for varying periods until they were sold. The record is not clear as to whether those in the last category were held by respondent for the purpose of cultivation and growth, and there is nothing to indicate what proportion of its receipts were from products sold shortly after being purchased from other growers. Petitioner's employment may have been in conjunction with an agricultural operation conducted by respondent, but this cannot be determined without additional facts showing the extent to which he was involved in the wholesale or retail distribution of plants grown by others. The affidavits and depositions do not establish conclusively that his activities were so related to the production, cultivation and growth of horticultural products by respondent as to bring him within the terms of the statutory exception.

The judgments of the courts below are reversed, and the cause is remanded to the district court for trial.

Opinion delivered December 6, 1961.