**CITY OF AMARILLO et al.**

**v.**

**Ray C. LOVE d/b/a Love & Son Nursery.**

**No. 7120.**

Court of Civil Appeals of Texas.

Amarillo.

March 26, 1962.

Rehearing Denied April 23, 1962.

**326**

Robert Lee Smith and Paul Funderburk, Amarillo, for appellants.

A. Curtis Neal, Amarillo, Vandygriff, Presnal & Baker, Austin, for appellee.

DENTON, Chief Justice.

This is an action instituted by the City of Amarillo and other local taxing authorities to recover from Love & Son Nursery certain ad valorem taxes for the years 1959 and 1960. Appellee admitted liability to the assessment of taxes on non-nursery stock, but challenges the legality and constitutionality of assessing its nursery stock. All material facts are undisputed as shown by the agreed stipulations of record. From a hearing before the court without a jury, judgment was entered in favor of the taxing units for the agreed amount of taxes assessed against the non-nursery stock, but denied recovery of taxes assessed against appellee's nursery stock. The sole question to be decided is whether or not appellee's nursery stock is exempt from taxation under Article 8, Section 19 of the Texas Constitution, Vernon's Ann.St.

Among the stipulations it was agreed appellee was engaged in a general retail (and some wholesale) nursery business for profit which entails a business where trees, shrubs, vines and rosebushes are grown and propagated .by transplanting for its customers. It was agreed "nursery stock" is defined to mean "shade, fruit and ornamental trees, shrubs, vines and rosebushes." All such nursery stock was received by appellee from large nursery plantations or farms located in areas with favorable climates and long growing periods. Prior to the time the nursery stock was removed from their plantations or farms they were in their "first growth stage." When the plants are received by retail nurseries such as that operated by appellee they are replanted so as to preserve and continue the life of the plants. Appellee feeds, waters and otherwise cares for the nursery stock until sold to the ultimate consumer. During the time the stock is in the possession of appellee it is said to be in the "second growth stage."

Article 8, Section 19 of the Constitution provides: "Farm products in the hands of

the producer, and family supplies for home and farm use, are exempt from all taxation until otherwise directed by a two-thirds vote of all the members elect to both houses of the Legislature." Article 4675, Revised Statutes of 1879 is the predecessor of the present Art. 7152, Vernon's Ann.Civ.St. The former statute was adopted in February, 1879, some six or seven months prior to the adoption of Section 19, Article 8 of the Constitution. Subdivision 11 of Art. 4675 read as follows: "The stock of nurseries, growing or otherwise, in the hands of nurserymen shall be listed and assessed as merchandise." This subdivision was brought forward unchanged in the recodification of the statute in 1911, 1914 and 1925. However, the 46th Legislature in 1937 amended Art. 7152 so as to omit Subdivision 11.

It is appellee's contention that Subdivision 11 was in conflict with Sec. 19, Art 8 of the Constitution and that the legislature recognized this conflict by the elimination of Subdivision 11, and that the elimination of this subdivision brings the statute in accord with the constitutional exemption of nursery stock as farm products. This argument is based on the language used by the legislature in the Act of 1937 which had the effect of repealing Subdivision 11. The body of the Act did not contain a repealing clause, however, the Act amended the article by omitting Subdivision 11 by the insertion of Section 2 of the Act, which reads as follows:

"Sec. 2. The fact that Section 11 of said Article is in conflict with Article 8, Section 19 of the Constitution of the State of Texas and creates an unjust burden of taxation on the Nurserymen of the State of Texas, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and said Rule is suspended and this Act shall take effect and be in force from and after its passage, and it is so enacted."

Article 8, Section 2 of the Constitution limits the power of the legislature to broaden tax exemptions. This section provides that, " * * * all laws exempting property from taxation other than the property above mentioned shall be null and void." It is therefore our conclusion the legislative intent as expressed in Section 2 of Art. 7152 is not controlling in determining the basic question here. Where the legislature has, by specific language, declared certain types of property to be in the exempt class, our courts have held such provisions are unconstitutional where they broaden the constitutional exemptions. Texas Turnpike Co. v. Dallas County, 153 Tex. 474, 271 S.W. 2d 400; Dickison v. Woodmen of the World Life Ins. Soc. (Tex.Civ.App.) 280 S.W.2d 315 (writ refused). The question before the Supreme Court in the Texas Turnpike case, supra, was whether or not the property acquired by the Turnpike Company was "publicly owned" so as to be exempt from taxation under Art. 11, Sec. 9 of the Constitution. In the legislative act which chartered the Turnpike Company, a section of the act provides that: "The equitable, beneficial and superior title to the property * * * shall be vested at all times in the State of Texas and shall constitute public property used for public purposes, * * *." Vernon's Ann.Civ.St. art. 6674v, § 18. In holding that the property of the Turnpike Company was not "publicly owned" and therefore subject to being taxed, the court used the following language:

"Public ownership, for tax-exemption purposes, must grow out of the facts; it is a legal status, based on facts, that may not be created or conferred by mere legislative, or even contractual, declaration. If the state does not in fact own the taxable title to the property, neither the Legislature by statute, nor the petitioners and the Authority by contract, may make the state the owner thereof by simply saying that it is the owner."

Here we have the legislature deleting a section of a rendition statute which had specifically provided for the taxing of nursery stock. In our view the question before us must be decided under Art. 8, Sec. 19 of the Constitution. We think this is true whether or not Subdivision 11 of Art. 7152 had been eliminated. Neither the language of the now omitted Subsection 11 or of Sec. 2 of the article which omitted Subsection 11 is decisive here. In the final analysis it is incumbent upon us to apply the facts of the case to the appropriate provision of the Constitution to determine whether or not nursery stock is exempt from taxation.

■ It is well settled that exemptions from taxation are not favored and should be strictly construed. City of Longview v. Markham-McRee Memorial Hospital, 137 Tex. 178, 152 S.W.2d 1112; Hedgecroft v. City of Houston, 150 Tex. 654, 244 S.W.2d 632; Kirby Lbr. Corp. v. Hardin Independent Sch. Dist. (Tex.Civ.App.) 351 S.W.2d 310 (refused n. r. e.).

■■ In our opinion the nursery stock in question does not come under the constitutional exemption of "farm products in the hands of the producer." In order to come under the exemption, appellee's nursery stock must meet two requirements: first, it must be "farm products" and if so, it must be found that appellee is the "producer." Under the facts and circumstances before us, we do not think the nursery stock meets these requirements. Article 8, Sec. 19 of the Constitution must be construed in accordance with the general rules of construction. Language of the Constitution must be presumed to have been carefully selected and the words used are to be interpreted as the people understand them. Markowsky v. Newman, 134 Tex. 440, 136 S.W.2d 808; Cramer v. Sheppard, 140 Tex. 271, 167 S.W.2d 147; State v. Clements (Tex.Civ.App.) 319 S.W.2d 450 (writ refused).

In our view, nursery stock here involved is not included in the constitutional exemption of "farm products." The trees and bushes were started by grafting and budding on large nursery farms and transferred to appellee who conducted its retail and wholesale business on several city lots within the City of Amarillo. Appellee is not a farmer but a merchant conducting a retail, and to some extent wholesale, business. This nursery stock has all of the characteristics of a stock of merchandise as that term is ordinarily used among both business men and the general public. Appellee's care and treatment of this nursery stock during its "second growth stage" was incidental to its selling the stock to the ultimate consumer. It would be a strained construction of the applicable constitutional language to say the nursery stock in the hands of appellee is "farm products." Although this exact question has not been passed on by the courts of this state, courts in other jurisdictions have uniformly held nursery stock to be taxable under similar constitutional and statutory provisions. See Roehrs Co. v. Division of Tax Appeals, 16 N.J. 493, 109 A.2d 611; Miethke v. Pierce County, 173 Wash. 381, 23 P.2d 405; Swain Nelson & Sons Co. v. Dept. of Finance, 365 Ill. 401, 6 N.E.2d 633.

In determining whether or not the instant nursery stock meets the second requirement, to-wit: whether or not appellee is the "producer," we are to consider its meaning as it is generally understood. Webster's New International Dictionary, Second Edition, defines "producer" as one who produces, brings forward or generates. At the time appellee acquired the nursery stock from its suppliers it was in being and in its "first growth stage." In our opinion this stock was produced by the farms supplying them to appellee. We therefore conclude appellee does not meet the requirement of being a "producer," as set out in the applicable constitutional provision.

The judgment of the trial court is therefore reversed and remanded to the trial court for further proceedings in accordance with this opinion.