

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 20, 1975

The Honorable Marvin F. Marshall
County Attorney
County of Hale
Plainview, Texas

Opinion No. H- 536

Re: Whether cattle manure is
an "agricultural product
in its natural state" within
article 6701d-11, section 3a,
V.T.C.S.

Dear Mr. Marshall:

Your opinion request concerns article 6701d-11, section 3a, V.T.C.S. This statute imposes restrictions on the manner in which loose material may be loaded and transported in a truck or other vehicle. Its purpose is to prohibit loose material from being loaded and transported in such a manner as would allow the material to blow or spill from the vehicle onto the highways because of movement or wind. Attorney General Opinion M-1025 (1971). Loose material is defined in section 3a(b) of article 6701d-11:

> As used in this section, 'loose material' means dirt,
> sand, gravel, wood chips, or other material that is
> capable of blowing or spilling from a vehicle as a
> result of movement or exposure to air, wind currents,
> or weather, but shall not include agricultural products
> in their natural state.

Since cattle manure is material that is capable of blowing or spilling from a vehicle as a result of movement or exposure to air, wind currents or weather, you ask whether cattle manure would qualify as an agricultural product so as to be excepted from the restrictions imposed by article 6701d-11.

No definition of "agricultural product" is set out in article 6701d-11. In most jurisdictions the term is defined broadly, e.g.:

> The common parlance of the country and the common
> practice of the country have been to consider all those
> things as farming products or agricultural products

> which have the situs of their production upon
> the farm, or which are brought into condition
> for the uses of society by the labor of those
> engaged in agricultural pursuits, in contra-
> distinction from manufacturing or other pursuits.
> The product of the dairy and the product of the
> poultry yard, while it does not come directly out
> of the soil, is necessarily connected with the soil
> and those who are engaged in the culture of the
> soil.    District of Columbia v. Oyster, 15 D.C.
> 285, 286, 54 Am. Rep. 275 (1885).

Likewise,

> The term 'agriculture' is broader in meaning
> than 'farming,' and while it includes the pre-
> paration of soil, the planting of seeds, the
> raising and harvesting of crops and all their
> incidents, it also includes dairying. In Re
> Rodgers, 134 Neb. 832, 279 N.W. 800, 803
> (1938).

See also Kimball v. Blanchard, 90 N.H. 298, 7 A.2d 394, 396 (1939); State Ex Rel Wisconsin Allied Truck Owners' Association v. Commission, 207 Wis. 664, 242 N.W. 668 (1932); Northern Cedar Co. v. French, 131 Wash. 394, 230 P. 837, 846 (1924); Attorney General Opinion H-272 (1974).

In Texas the terms "agriculture" or "agricultural product" have usually been used in their broadest sense. For instance in article 5738, V.T.C.S., the Texas Legislature has defined the term "agricultural product" so as to include "horticultural, viticultural, forestry, dairy, livestock, poultry, bee, and any farm and ranch products." In Attorney General Opinion M-187 (1968), offal and similar waste from the slaughter of animals were deemed to be agricultural products. See also Brewer v. Central Greenhouse Corp., 352 S.W.2d 101 (Tex. Sup. 1962) and Gordon v. Buster, 257 S.W. 220 (1923).

Livestock manure, though not from the soil, is produced incidentally to cattle raising and we believe our courts would probably construe it to be within the term "agricultural product" as broadly defined by the Legislature. Therefore, absent a clear declaration of the Legislature to the contrary, we do not feel authorized to rule that it cannot be loaded and transported in its natural state without being subject to the restrictions imposed by article 6701d-11, section 3a.

## S U M M A R Y

Cattle manure would probably be held by our Courts to come within the term "agricultural product" under the broad definition given that term by the Texas Legislature and accordingly, absent a clear legislative declaration to the contrary, is within the meaning of article 6701d-11, section 3a and can be loaded and transported in its natural state without being subject to the restrictions imposed by that article.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee