

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL,
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 27, 1977

The Honorable Joe Hubenak
Chairman
Committee on Agriculture &
    Livestock
Texas House of Representatives
State Capitol
Austin, Texas   78767

Opinion No. H- 932

Re:  Application of sales
tax exemption to machinery
and equipment used by an
agricultural cooperative.

Dear Chairman Hubenak:

You have requested our opinion whether the sales tax exemption described in article 20.04(N)(6), Taxation-General, applies to machinery and equipment used by an agricultural cooperative association organized pursuant to articles 5737-5764, V.T.C.S.  We assume in answering your inquiry that you are referring to an agricultural cooperative which handles, processes or markets the goods grown by its members. The sales tax exemption of article 20.04(N)(6) applies to:

> Machinery or equipment exclusively used or employed on farms or ranches in the production of food for human consumption, production of grass, the building or maintaining of roads and water facilities, feed for any form of animal life, or other agricultural products to be sold in the regular course of business, and machinery, equipment, and gooseneck trailers exclusively used in the processing, packing, or marketing of agricultural products by the original producer at a location operated by the original producer exclusively for processing, packing, or marketing his own products. (Emphasis added).

As you note, the underscored portion of subsection 6 was added to the statute by House Bill 2195, 64th Legislature.

The Comptroller of Public Accounts, in Ruling .016, effective July 20, 1976, has interpreted subsection 6 to exempt machinery and equipment used by agricultural cooperatives in the processing, packing and marketing of agricultural products.  As an author and sponsor of the bill and as chairman of the committee which favorably reported House Bill 2195, you state that the bill was intended merely to clarify the statutory sales tax exemption available to a farmer purchasing equipment for use on his farm or for use at a location elsewhere for processing his own agricultural commodities, and was not intended to apply to machinery purchased by cooperative associations.

The legislative history of House Bill 2195 appears to support your position.  The bill analysis distributed in connection with House Bill 2195 noted that under existing law, machinery or equipment used in the production of agricultural products was exempt from the sales tax, but that machinery and equipment used in processing, packaging or marketing of these products was not exempt.  The analysis stated that House Bill 2195:

> Clarifies farm machinery and equipment exempt from sales tax.  State Comptroller asked that this legislation be enacted to clarify the statutes to conform with the farm usage of machinery and equipment.

The fiscal note regarding House Bill 2195 stated:

> No fiscal implication or additional cost to the State attributable to the bill, should it be enacted, is anticipated.

Thus, it seems clear to us that the Legislature, in enacting House Bill 2195, contemplated no major extension of existing exemptions to the sales tax.

The exemption of machinery or equipment purchased by agricultural cooperatives from the sales tax could hardly be said to have "no fiscal implications."  The University of Texas Natural Fibers Economic Research Division's Cotton Ginning Cost Study for the 1974-75 Season reported that the

cost of new gins being built at that time was in the "one-half million dollar range or more." Id. at 37. The 1975-76 Texas Cooperative Handbook lists over 200 cooperative ginners in Texas, and over 200 other cooperative associations of various types, including grain elevator associations, food locker associations, and feed and supply associations. The exemption of industry segments of this size from the sales tax would appear to have some fiscal implications to the State.

We likewise find difficulty in concluding that the express language of the statute lends itself to an interpretation exempting machinery used by cooperatives. The exemption applies specifically to machinery

> exclusively used . . . by the orginal producer at a location operated by the original producer exclusively for . . . his own products. Tax.- Gen. art. 20.04(N)(6).

While agricultural products delivered by a producer to a third party, including a cooperative, for storage and ultimate sale remain "in the hands of the producer" for purposes of ad valorem taxation, Attorney General Opinions M-632 (1970) at 2, V-511 (1948) at 3, O-5405 (1943) at 7, that is not to say that cooperative associations are operated by the original producer exclusively for processing, packing or marketing his own products.

We think that machinery and equipment utilized by an agricultural cooperative association to process, pack or market its members' products is neither "operated by the original producer" nor used "exclusively for . . . his own products," and is not, therefore, within the sales tax exemption of article 20.04(N)(6), Taxation-General. Our view is reinforced by the "well settled [rule] that exemptions from taxation . . . should be strictly construed." City of Amarillo v. Love, 356 S.W.2d 325, 328 (Tex. Civ. App. -- Amarillo 1962, writ ref'd n.r.e.).

### S U M M A R Y

> The exemption from the sales tax of machinery and equipment exclusively used in the processing, packing or marketing of agricultural products by the original

producer does not extend to machinery and
equipment utilized by an agricultural
cooperative association to process, pack
or market its members' products.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb