

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mark M. Humble
Milam County Attorney
County Courthouse
Cameron, Texas    76520

Opinion No. MW-583

Re: Constitutionality of tax exemption for nursery products in section 11.16 of the Property Tax Code

Dear Mr. Humble:

You ask whether the ad valorem tax exemption for nursery products set forth in section 11.16 of the Property Tax Code is constitutional. We conclude that it is.

Section 11.16 of the Property Tax Code provides the following in pertinent part:

> (a)  A  producer  is  entitled  to  an  exemption from  taxation  of  the  farm  products  that  he produces and owns.  A nursery product, as defined by  Section  71.041,  Agriculture  Code,  is  a  farm product for purposes of this section if it is in a growing state.  (Emphasis added).

Section  71.041  of  the  Agriculture  Code  contains  the  following definition:

> 'Nursery  product'  includes  a  tree,  shrub,  vine, cutting,  graft,  scion,  grass,  bulb,  or  bud that is grown for, kept for, or is capable of, propagation and distribution for sale.  (Emphasis added).

Section 11.16 was adopted in conformity with article VIII, section 19 of the Texas Constitution which provides:

> Farm products... in the hands of the producer, and family supplies for home and farm use, are exempt from all taxation until otherwise directed by a two-thirds vote of all the members elect to both houses of the Legislature.

The legislature may not authorize that which the constitution prohibits. Maher v. Lasater, 354 S.W.2d 923 (Tex. 1962). Specifically, the legislature is without power to add to the list of properties entitled to exemption under the constitution, Leander Independent School District v. Cedar Park Water Supply Corporation, 479 S.W.2d 908 (Tex. 1972); City of Amarillo v. Amarillo Lodge No. 731, A.F. and A.M., 488 S.W.2d 69 (Tex. 1972), and any attempt to do so is void. City of Amarillo v. Love, 356 S.W.2d 325 (Tex. Civ. App. - Amarillo 1962, writ ref'd n.r.e.); Dickison v. Woodmen of the World Life Insurance Society, 280 S.W.2d 315 (Tex. Civ. App. - San Antonio 1955, writ ref'd). In this instance, the issue is whether "nursery products," as defined by section 71.041, Agriculture Code, constitute "farm products" within the meaning of article VIII, section 19 of the Texas Constitution. If they do, the statute is constitutional. If they do not, the statute attempts to add to the list of properties entitled to exemption under the constitution and is void. While the authority is not clear and unambiguous, we conclude that the courts would be likely to hold that "nursery products" are "farm products" and that the statute is constitutional.

It has been suggested that Kirby Lumber Corporation v. Hardin Independent School District, 351 S.W.2d 310 (Tex. Civ. App. - Waco 1961, writ ref'd n.r.e.) is controlling. We disagree. The court therein declared that timber grown on "tree farms" does not fall within the ambit of article VIII, section 19. Relying on the principles that constitutional provisions must be construed in the light of conditions existing at the time of adoption and that it does not lie within the power of the legislature to change their meaning or enact laws in conflict therewith, Jones v. Ross, 173 S.W.2d 1022 (Tex. 1943); Travelers' Insurance Company v. Marshall, 76 S.W.2d 1007 (Tex. 1934), the court declared:

> In our opinion appellant's timber here involved is not included in the constitutional exemption of 'farm products.' We feel certain it was not within the contemplation of the framers of the provisions and the people who adopted it. In 1879 Texas was in the throes of an economic depression, and apparently intended the exemption to be temporary 'until otherwise directed by a two-thirds vote' of the Legislature. See Interpretive Commentary, Vernon's Ann. Tex. Const., 570. Texas citizens of that day, not far removed from frontier and pioneer status, considered timber and forests as areas to be cleared before the pursuits of husbandry could be engaged in. It would have been incredible, then, to call trees 'farm products.' We think they are

not   such   now,   within   the   meaning   of   the   Constitution.

351 S.W.2d at 312.

At most, the Kirby case stands for the proposition that, regardless of whether "the application of scientific forestry practices to an established stand of timber," i.e. a lumber operation commonly referred to as "tree farming," would properly be considered "farm products" now, it clearly was not so considered in 1879.   But the case offers us no guidance in determining whether section 11.16 is constitutional, because a lumber operation as contemplated by Kirby does not meet the threshold requirement of section 11.16 of the Property Tax Code.   A tree as part of a lumber operation is not "grown for, kept for, or is capable of, propagation and distribution for sale."   Agriculture Code §71.041.   A nursery is defined as "a place where trees, shrubs, vines, etc., are propagated for transplanting or as use for stalks for grafting."   Hill v. Georgia Casualty Company, 45 S.W.2d 566, 567 (Tex. 1932).   (Emphasis added).   Timber, on the other hand, denotes "trees of a size suitable for manufacture into lumber for use of building and allied purposes and does not include saplings, brush, fruit trees or trees suitable only for firewood or decoration."   M & I Timber Company v. Hope Silver-Lead Mines, Inc., 428 P.2d 955, 955 (Idaho 1967).

> The word 'timber' has been generally defined as meaning growing trees suitable to be used for the construction of building, tools, utensils, furniture, fences, ships, etc.   This concept of timber distinguishes it from saplings, and undergrowth, fruit trees, and trees suitable only for firewood or cordwood, or for decoration.

Melder v. Phillips Pipe Line Company, 539 S.W.2d 208, 210 (Tex. Civ. App. - Austin 1976, writ ref'd n.r.e.).   See also Cummer-Graham Company v. Maddox, 285 S.W.2d 932 (Tex. 1956).   Because the court in Kirby was not concerned with nurseries, it offers us little guidance.

A more helpful case is City of Amarillo v. Love, supra.   There the court held that a taxpayer who engaged in a general retail (and some wholesale) nursery business for profit was not entitled to claim an ad valorem tax exemption under article VIII, section 19.   The taxpayer received his nursery stock from large nursery plantations or farms and replanted the stock in order to preserve and continue the life of the plants.   Prior to the time that the nursery stock was removed from the plantations or farms, they were in their "first growth stage."   During the time in which the stock was in the possession of the taxpayer, they were in their "second growth stage." The court held that the taxpayer was not entitled to ad valorem tax

exemption because he was not a "producer" within the meaning of article VIII, section 19.

> In our opinion the nursery stock in question does not come under the constitutional exemption of 'farm products in the hands of the producer.' In order to come under the exemption, appellee's nursery stock must meet two requirements: first, it must be 'farm products' and if so, it must be found that appellee is the 'producer.' Under the facts and circumstances before us, we do not think the nursery stock meets these requirements.... The trees and bushes were started by grafting and budding on large nursery farms and transferred to appellee who conducted its retail and wholesale business on several city lots within the City of Amarillo. Appellee is not a farmer but a merchant conducting a retail, and to some extent wholesale, business. This nursery stock has all of the characteristics of a stock of merchandise as that term is ordinarily used among both business men and the general public. Appellee's care and treatment of this nursery stock during its 'second growth stage' was incidental to its selling the stock to the ultimate consumer. It would be a strained construction of the applicable constitutional language to say the nursery stock in the hands of appellee is 'farm products.' (Emphasis added).

356 S.W.2d at 328. The court held that a person tending nursery stock during its "second growth stage" is not a "producer" within the meaning of article VIII, section 19. It did not directly address the issue as to whether nursery stock in its "first growth stage" is a "farm product." However, we believe that our courts, if confronted squarely with the issue, would so conclude.

We find it persuasive that Texas courts in other contexts have concluded that nursery products do constitute farm or agricultural products. In Brewer v. Central Greenhouse Corporation, 352 S.W.2d 101 (Tex. 1961), the Texas Supreme Court held that workers in greenhouses were "agricultural laborers" within the meaning of the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. The act defined "agriculture" to mean "farming in all its branches and among other things includes... the production... of any agricultural or horticultural commodities.... 29 U.S.C. §203(f). Admittedly, the definition of "agriculture" in the federal act is broad. Yet, in an ad valorem taxation case, the Ohio Supreme Court relied in part on the case in construing a statute which exempted equipment and machinery

"used in agriculture" and "agricultural products on farms." In Benken v. Porterfield, 247 N.E.2d 749, 753 (Ohio 1969), the court declared:

> [T]he business of planting, cultivating, harvesting, and selling flowers and vegetables, indoors in greenhouses, or outdoors in lath houses or planting beds in the ground, with substances being added to the soil to aid and protect the growing process, is agriculture.

Again, in another context, Texas courts have held that, for purposes of workers' compensation, nursery laborers are "farm laborers" within the meaning of the statute. In Hill v. Georgia Casualty Company, supra, the court stated: "That one engaged in the nursery business is engaged in an agricultural pursuit is not to be doubted." In Guerrero v. United States Fidelity and Guaranty Company, 98 S.W.2d 796 (Tex. 1936), the court affirmed the proposition that horticulture constitutes one of the main divisions of agriculture. It further noted the distinction discussed in City of Amarillo v. Love, supra, between raising nursery stock and buying nursery stock for resale and placing it in the ground temporarily for preservation. The former horticultural practice is a part of agriculture within the meaning of the statute; the latter is not.

While admittedly both of those cases construed a worker's compensation statute, we think that it is significant that the supreme court of another jurisdiction relied on Hill v. Georgia Casualty Company, supra, in deciding an ad valorem taxation case. In Boehm v. Burleigh County, 130 N.W.2d 170 (N. D. 1964), the court declared that a nursery engaged in growing trees, shrubs, flowers and plants fell within the ambit of an ad valorem tax exemption of "all farm structures, and improvements located on agricultural lands." The court found that the products of a nursery are agricultural products because "'agriculture' is sufficiently broad to include 'horticulture.'" Id. at 176. See also State v. Wertheimer Bag Company, 43 So.2d 824 (Ala. 1949) (a sales tax case which relies in part on both Hill v. Georgia Casualty Company, supra, and Guerrero v. United States Fidelity and Guaranty Company, supra); Orendorf v. H. Weber and Sons Company, 140 A.2d 641 (Md. 1958); Township of Marple v. Lynam, 30 A.2d 208 (Pa. Super. Ct. 1943); Hagenburger v. City of Los Angeles, 124 P.2d 345 (Cal. Dist. Ct. App. 1942); Dye v. McIntyre Floral Company, 144 S.W.2d 752 (Tenn. 1940).

We are persuaded that Texas courts would construe "farm products" in article VIII, section 19 of the Texas Constitution to include nursery products as defined in section 71.041 of the Agriculture Code and believe that section 11.16 of the Property Tax Code is constitutional.

S U M M A R Y

Section 11.16 of the Property Tax Code which exempts from ad valorem taxation farm products, including nursery products as defined by section 71.041 of the Agriculture Code, is constitutional.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Bob Lattimore
Jim Moellinger