## KIRBY LUMBER CORPORATION, Appellant,

v.

## HARDIN INDEPENDENT SCHOOL DISTRICT, Appellee.

### No. 3910.

Court of Civil Appeals of Texas.

Waco.

Nov. 2, 1961.

Rehearing Denied Nov. 22, 1961.

---

1. "No evidence" and "insufficient evidence" Points of Error by Justice Robert W. Calvert, Texas Law Review, Vol. 38, No. 4, p. 361.

Fountain, Cox & Gaines, Houston, Strong, Pipkin, Strong & Nelson, Beaumont, for appellant.

E. G. Aycock, Fort Worth, for appellee.

WILSON, Justice.

The principal question in this tax suit is whether timber grown on appellant's land is exempt from ad valorem taxation, as it contends, under Art. 8, Sec. 19, Texas Constitution, Vernon's Ann.St. and Art. 7174, Vernon's Ann.Tex.Stat.

A jury finding to the effect that timber, as grown by appellant in appellee district, is not a "crop" is attacked for lack of evidential support, but as appellant concedes, the facts being settled, whether its timber is exempt is a question of law; and points relating to this finding are therefore immaterial.

The record establishes that appellant engaged in a "sustained yield" program in the growth of timber on its lands which consisted of application of scientific forestry practices to an established stand of timber with the aim of "constantly regenerating the forest by nature rather than having to plant it." These conservation practices include a uniform cycle of thinning, removing undesirable species and selective cutting and girdling of trees; control and prevention of fire, disease and insects; and permitting the residual trees to re-fertilize and re-seed by natural processes. These practices are generally referred to as "tree farming", and appellant's timber lands are certified by a forest industry committee as "tree farms" by virtue of having conformed to minimum practice standards.

Art. 7174 provides that "Each separate parcel of real property shall be valued at its true and full value in money, excluding the value of crops growing or ungathered thereon." Appellant says its pine and hardwood trees from which lumber and pulpwood are produced are "crops" under this statute, and are exempt from ad valorem taxation. Art. 7174 is derived from Acts 1876, 15th Leg., ch. 157, p. 275, sec. 24 (not from Acts 1905 as the annotated statutes suggest). At that time Art. 8, sec. 2 of the Constitution provided that all laws exempting property from taxation other than property enumerated therein "shall be null and void."

In its present form the crop exclusion provision came to us from the statutory revision of 1879 (Art. 4692) with the words "or ungathered" inserted. In the same year the 1879 statutory recodification became effective, a new section was added to the 1876 Constitution: "Sec. 19. Farm products in the hands of the producer" were exempt from all taxation. It thus appears the present statutory provision and the Constitutional exemption were practically contemporaneous in origin. The statute, of course, may not enlarge or restrict the organic law. Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265, 274.

Appellant urges that "tree farming" is a new concept, developed over recent years,

and hence timber grown in its forests or "tree farms" are technically "crops". There is respectable authority from which it could be said that trees as grown on the land involved are not "crops" under the statute. Cottle v. Spitzer, 65 Cal. 456, 4 P. 435, 52 Am.Rep. 305; Globe Lbr. Co. v. Lockett, 106 La. 414, 30 So. 902; Miethke v. Pierce County, 173 Wash. 381, 23 P.2d 405; Bernard v. Board etc., 216 Miss. 387, 62 So.2d 576, 581; 10 Words and Phrases, Crop, 547; 15 Am.Jur., p. 194, sec. 2; 25 C.J.S. Crops §§ 1–5, pps. 1–6; 98 C.J.S. Woods and Forests § 1, p. 687; 2 Cooley, Taxation (4th ed.) Séc. 725, p. 1529; 2 Oxford Eng. Dictionary (1937) 426. It may be doubtful that the term "ungathered," used in the statute, could reasonably be applied to uncut timber. We do not consider it necessary, however, to decide this narrow problem of statutory construction, since the basic question is constitutional.

Appellant says its trees are "farm products". Under Art. 8, Sec. 19, exemptions from taxation are never favored, and "in the construction or interpretation of a law extending exemption from taxation to any citizen or class of property all doubts are resolved against the exemption." City of Longview v. Markham-McRee Hosp., 137 Tex. 178, 152 S.W.2d 1112, 1113; Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130, 131, 79 A.L.R. 983; Hedgecroft v. City of Houston, 150 Tex. 654, 244 S.W.2d 632, 636.

Generally, a statute is given "the meaning which it had at the time of its enactment." Manry v. Robison, 122 Tex. 213, 56 S.W.2d 438, 447; Big Lake Oil Co. v. Reagan County, Tex.Civ.App., 217 S.W.2d 171, 173, writ refused. Constitutional provisions are said to "mean what they meant when they were * * * adopted, and their meaning is not different at any subsequent time. Constitutional provisions must be construed in the light of conditions existing at the time of adoption, and it does not lie within the power of the Legislature to change their meaning, or to enact laws in conflict therewith." Jones v. Ross, 141 Tex. 415, 173 S.W.2d 1022, 1024; Travelers' Ins. Co. v. Marshall, 124 Tex. 45, 76 S.W.2d 1007, 1012, 96 A.L.R. 802; Cramer v. Sheppard, 140 Tex. 271, 167 S.W. 2d 147, 152.

In our opinion appellant's timber here involved is not included in the constitutional exemption of "farm products". We feel certain it was not within the contemplation of the framers of the provisions and the people who adopted it. In 1879 Texas was in the throes of an economic depression, and apparently intended the exemption to be temporary "until otherwise directed by a two-thirds vote" of the Legislature. See Interpretive Commentary, 2 Vernon's Ann.Tex.Const., 570. Texas citizens of that day, not far removed from frontier and pioneer status, considered timber and forests as areas to be cleared before the pursuits of husbandry could be engaged in. It would have been incredible, then, to call trees "farm products". We think they are not such now, within the meaning of the Constitution.[1]

In Collins v. Mills, (1944) 198 Ga. 18, 30 S.E.2d 866, 870, the Georgia Supreme Court said of appellant's contention, "In common usage, do we not ordinarily regard farming and farm products as matters pertaining to the soil and to fields, and not to forests or timbered lands? Inquire of any farmer as to the quantity of land that he is cultivating or 'farming,' and he will probably answer solely in terms of 'cleared land'. While in recent years there may have de-

---

[1]. It is to be observed that Art. 2613, Sec. 12, Vernon's Ann.Tex.Stat., concerns "pine forest lands" sold in proceedings to foreclose tax liens on real estate. It defines "forest lands" as lands which may reasonably be expected to produce "by reason of natural, or *other methods of reforestation*" another growth of pine timber of any material value upon them. It may be further observed that Art. 2613a–8 refers to production of "forest products".

veloped a tendency among owners of land to plant and cultivate young saplings and to care for them as they grow, somewhat after the manner of agriculture, for the purpose of producing trees that may finally be suitable for timber, yet is this not an exception, and such a rare exception that it would not ordinarily be suggested to mind by the term farming?"

Just as appellant's timber is not converted into a farm product by nomenclature, so also is it not so transformed, in our opinion, by commendable methods of conservation, reforestation and increasing production.

Additional points have been considered and are overruled. Affirmed.