Pete M. LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–91–01024–CR, 01–91–01025–CR and 01–91–01026–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 24, 1992.

J. C. Whitfield, Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Joe King, Asst. Dist. Attys., Houston, for appellee.

Before DUNN, DUGGAN and MIRABAL, JJ.

OPINION

DUNN, Justice.

Appellant, Pete Lopez, pled guilty to the charges of possession of more than four ounces of marihuana, possession of a taxable substance on which the tax had not been paid, and delivery of over four ounces of marihuana. The trial court assessed punishment, enhanced by a prior felony conviction, at 10–years confinement on each charge and assessed a fine in the tax case of $3,481.50.

Appellant pled guilty to all charges without an agreed recommendation with the State regarding appellant's punishment. *After* pleas of guilty were entered in each case, appellant filed a motion and an amended motion to quash the indictments. The trial court denied both motions prior to sentencing. No motion for new trial was filed. Subsequently, appellant filed a timely notice of appeal complaining, in three points of error, of the ruling on his motions to quash the felony indictments.

In his first point of error, appellant contends the trial court erred because, by making the tax demand, the State acknowledged marihuana as an item in the stream of commerce. Appellant further asserts the trial court erred in refusing to quash the indictments because marihuana, a wild-growing plant, can be cultivated in organized agriculture, a pursuit with special protection under the Texas Constitution. Appellant alleges in his third point of error that the legislature violated the constitution when it enacted a personal property tax on the contraband.

■ We initially note that appellant's claims contend that the statute involved herein is unconstitutional and raises issues regarding possible jurisdictional defects;

therefore, these claims are not waived by pleading guilty without a plea bargain or an agreed recommendation regarding punishment. *Schmidt v. State*, 778 S.W.2d 549, 550 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd), *cert. denied*, —— U.S. ——, 111 S.Ct. 81, 112 L.Ed.2d 54 (1990); *Cole v. State*, 776 S.W.2d 269, 270 (Tex. App.—Houston [14th Dist.] 1989, no pet.). We also note that when an appellate court is called upon to determine the constitutionality of a statute, the initial presumption is that the statute is constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App. 1979); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978).

Appellant asserts five grounds to support his arguments of the statute's unconstitutionality. These grounds are: 1) the State did not disprove that the marihuana appellant possessed was a farm product exempt from all taxes; 2) the legislature enacted a tax it knew would never be collected, in violation of the public purpose section of the Texas Constitution; 3) the statute imposing the $3.50 per gram tax violates the constitutional requirement that taxes be assessed according to value, not weight; 4) the statute imposing the tax on marihuana does not provide that the marihuana be assessed at its fair value, as required by the constitution; 5) the tax statute requires a person who wishes to pay the tax to violate his right against self-incrimination; and 6) it is a double-jeopardy violation to convict appellant of possession and delivery of marihuana and possession of a taxable substance on which the tax has not been paid.

■ Appellant's initial argument centers around his perceived conflict between the tax and the classification of marihuana as a controlled substance. It appears appellant wants this Court to hold that if the State chooses to tax a substance, it must declare it legal no matter who possesses the substance. This argument is without merit. There are situations in which one can legally possess a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.061, 481.0621, 481.065, 481.071 (Vernon 1992).

There are also situations in which the possession of marihuana does not require the tax stamp. *See* TEX.TAX CODE ANN. § 159.-103 (Vernon Pamph.1992).

■ Appellant additionally claims that marihuana is a farm product, and that by assessing the tax, the State has acknowledged it as such. According to appellant, because it can be a farm product, marihuana should be exempt from taxation under the Texas Constitution. Appellant cites no authority for the proposition that marihuana is a farm product, and we find none. Nevertheless, exemptions from taxation are never favored, and all doubts in construction are resolved against exemption. *Kirby Lumber Corp. v. Hardin Indep. Sch. Dist.*, 351 S.W.2d 310, 312 (Tex.Civ. App.—Waco 1961, writ ref'd n.r.e.).

■ However, assuming arguendo that marihuana is a farm product, article VIII exempts from taxation only farm products in the hands of the producer, not all farm products generally. TEX. CONST. art. VIII, § 19. Additionally, everything that grows is not a farm product. *Kirby Lumber Corp.*, 351 S.W.2d at 312–13. Appellant faults the State for failing to prove he is liable for this tax because he did not produce this marihuana. The State is not required to prove that appellant was the producer of the controlled substance. The State must show only that appellant 1) was a dealer possessing a taxable substance as defined by the tax code; and 2) that the tax had not been paid. TEX.TAX CODE ANN. §§ 159.001, 159.201 (Vernon Pamph.1992). The record reflects that appellant was a marihuana dealer, not a marihuana farmer.

■ As the *Kirby* court noted, constitutional provisions must be construed in light of conditions existing at the time of the provision's adoption; the legislature cannot change their meaning, nor can it enact laws which conflict. *Kirby Lumber Corp.*, 351 S.W.2d at 312–13. The *Kirby* court noted that the exemption in article VIII was intended to be a limited exemption for the farmer's personal benefit. *Id.* When a commodity takes on the characteristics of inventory or is offered for sale, it can no longer be tax exempt under this provision. *City of Amarillo v. Love*, 356 S.W.2d 325, 328 (Tex.Civ.App.—Amarillo 1962, writ ref'd n.r.e.). Additionally, as found by the *Kirby* court, commodities not contemplated by the framers as exempt farm products cannot be exempt. *Kirby Lumber Corp.*, 351 S.W.2d at 312. Therefore, it follows, appellant's marihuana would also not be the type of product the framers intended to be tax exempt.

■ Appellant next argues the tax statute is unconstitutional because the legislature imposed this tax knowing that it would never be collected, thereby violating the public purpose section of the Texas Constitution. That section provides: "Taxes shall be levied and collected by general laws and for public purposes only." TEX. CONST. art. VIII, § 3. Appellant cites no authority to support this statement. There is no showing that the legislature knew this tax would never be collected, or that even if it knew, the knowledge would violate the public-purpose portion of the Texas Constitution. There is no showing that this tax will be levied and collected for anything other than public purposes. Appellant's argument is without merit.

■ In his third argument, appellant contends the tax statute violates article VIII, sections 11 and 1(b) of the Texas Constitution because of the method of assessing the tax. These sections provide in pertinent part: "[A]ll lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer." TEX. CONST. art. VIII, § 11. "(b) All real property and tangible personal property in this State, unless exempt as required or permitted by this Constitution, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law." TEX. CONST. art. VIII, § 1(b). Appellant's contentions are without merit. The tax statute provides that the rate of tax is $3.50 for each gram of a taxable substance consisting of or containing marihuana. TEX.TAX CODE ANN. § 159.-101(b)(2) (Vernon Pamph.1992). The stat-

ute also provides that the comptroller make an assessment. TEX.TAX CODE ANN. § 159.-101(f) (Vernon Pamph.1992). The legislature set a tax rate for marihuana based on a value by weight, i.e., $3.50. Appellant fails to show how this value is unfair. Neither has appellant shown that the marihuana tax is not in proportion to its value. Furthermore, appellant points to no constitutional provision forbidding the legislature from valuing personal property by weight, and then assessing a tax based on the weight of the property. The Texas Constitution simply requires that tangible personal property be taxed in proportion to its value; this has been done.

■ Appellant's contention that his rights against self-incrimination have been violated is without merit. Section 159.005 of the tax statute provides that:

(a) Information provided by a person in a report or return made for purposes of paying a tax imposed by this chapter is confidential.

(b) The comptroller or any other public official or employee commits an offense if he reveals information made confidential by this section to any person other than:

(1) to the comptroller or a public official or employee whose duties involve the administration or collection of the taxes imposed by this chapter; or

(2) in a judicial proceeding involving a tax imposed by this chapter.

(c) An offense under Subsection (b) of this section is a Class A misdemeanor.

(d) Except in a prosecution directly related to a tax imposed by this chapter, information made confidential by this section may not be used in any way in a prosecution of the dealer for whom the report or return is made unless the information is obtained independently of the report or return.

TEX.TAX CODE ANN. § 159.005 (Vernon Pamph.1992). As is clearly stated in this section, any information provided by a dealer for the purpose of paying the tax on marihuana is confidential and may not be used against him or her in any other prosecution of the dealer. The section additionally permits prosecution of a public official or employee who reveals this information. Hence, by the terms of the statute, compliance cannot be self-incriminating.

The last argument raised by appellant in support of his appeal is that his conviction violates the prohibition against double jeopardy. The double jeopardy clause of the fifth amendment protects against multiple prosecutions for the same offense following acquittal or conviction, and protects against multiple punishments for the same offense. *Ex parte Kopecky*, 821 S.W.2d 957, 958 (Tex.Crim.App.1992). Because appellant pled guilty to all three offenses in a single proceeding, we are not faced with issues of multiple prosecution for the same offense. Therefore, the case of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), which dealt with multiple prosecutions for the same offense following conviction, is inapplicable here. *Id.* 495 U.S. at 508–13, 110 S.Ct. at 2087–89.

■ We find the *Kopecky* case dispositive of the double jeopardy issue. The appellant in *Kopecky* made virtually the same assertion as does appellant here: his fifth amendment right against double jeopardy was violated because he was convicted of the offense of aggravated possession of phenylacetone and of the offense of possession of phenylacetone without tax payment certificate. *Kopecky*, 821 S.W.2d at 958. The court held that aggravated possession of phenylacetone is not the same offense for purposes of multiple punishment as possession of phenylacetone without payment of tax because each offense requires proof of a fact the other does not. *Id.* at 960. Here, the tax statute requires proof that the tax imposed under the statute has not been paid. TEX.TAX CODE ANN. § 159.-201 (Vernon Pamph.1992). Prosecution under Texas Health and Safety Code sections 481.120 and 481.121, which set out the offenses of delivery and possession of marihuana and the penalties for each offense respectively, do not require that proof. Therefore, because the three indictments are not for the same offense, appellant may be punished for all three offenses in a

single proceeding. *Kopecky*, 821 S.W.2d at 960–61.

Appellant's points of error are overruled.

The judgment is affirmed.