Raynard Troy **COURTNEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 01–94–00271–CR, 01–94–00272–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 3, 1995.

Discretionary Review Refused Oct. 11, 1995.

---

Tanya L. Elliott, Bruce C. Kaye, Houston, for appellant.

Michael R. Little, Steve Greene, Anahuac, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

## OPINION

TAFT, Justice.

Appellant, Raynard Troy Courtney, was indicted in cause number 7890 for the offense of aggravated possession of cocaine; the indictment alleged he used or exhibited a deadly weapon, namely a firearm, during the commission of the offense. Appellant was indicted in cause number 7889 for failure to pay a controlled substance tax; the indictment again alleged he used or exhibited a firearm during the commission of the offense. The two indictments were consolidated for trial.

After the trial court denied his motion to suppress, appellant entered a plea of nolo contendere to both charges. The trial court

made affirmative findings that a deadly weapon was used during the commission of the offenses. The trial court then assessed punishment in cause number 7890 at 20-years confinement and a $1000 fine and in cause number 7889 at 10-years confinement and a $52,800 fine. We affirm.

### Waiver of Complaints on Appeal

■ In the absence of a plea bargain agreement, a voluntary plea of guilty waives all nonjurisdictional defects occurring *before* the entry of the guilty plea. *Jack v. State,* 871 S.W.2d 741, 743 (Tex.Crim.App.1994). Under this rule, commonly known as the *Helms*[1] rule, nonjurisdictional defects are waived by pleas of either guilty or nolo contendere. *Jack,* 871 S.W.2d at 742.

■ Here, appellant pled nolo contendere to both charges without an agreed recommendation on punishment. Appellant gave his plea in open court and signed the written plea admonishments. Therefore, he has waived his right to complain on appeal of defects which are not jurisdictional that occurred before the entry of his plea.

### a. Jurisdictional Defects for Purposes of the *Helms* Rule

We are not dealing here with defects which deprive the trial court of jurisdiction. Rather, we are addressing jurisdictional defects for purposes of the *Helms* rule, where a jurisdictional defect is, by definition, one which may be raised on appeal despite the voluntary entry of a plea of guilty. Jurisdictional defects include some errors of constitutional dimension, but exclude others. The basis for distinguishing which constitutional error is "jurisdictional" was explained by the Supreme Court in *Menna v. New York,* 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975) (holding that a double jeopardy claim was not waived by the entry of a plea of guilty):

The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. *A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. Here, however, the claim is that the State may not convict petitioner no matter how validly his factual guilt is established.* The guilty plea, therefore does not bar the claim.

(Emphasis added.)

■ *Menna* relied upon *Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628 (1974), for the proposition that "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Menna,* 423 U.S. at 62, 96 S.Ct. at 242. In *Blackledge,* the Supreme Court had distinguished between cases where the constitutional error had been coerced confessions or tainted indictments and those cases where the constitutional error involved the "right not to be haled into court at all." 417 U.S. at 30, 94 S.Ct. at 2104. Error which may be raised on appeal despite a plea of guilty is, thus, error of a constitutional dimension which goes "to the very power of the State to bring the defendant into court to answer the charge brought against him." *Id.* at 30, 94 S.Ct. at 2103.

The Court of Criminal Appeals first applied *Menna* within the context of a post-conviction writ of habeas corpus proceeding. *See Ex parte Green,* 548 S.W.2d 914, 915 (Tex.Crim.App.1977) (addressing a claim of violation of the doctrine of carving, a Texas common-law variety of double jeopardy pro-

---

1. *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App. 1972).

tection which no longer exists).[2] Judge Clinton included *Menna* in his warning that not all antecedent constitutional violations were waived by the *Helms* rule in *King v. State*, 687 S.W.2d 762, 767 n. 3 (Tex.Crim.App.1985) (Clinton, J., concurring).[3]

The Fifth Court of Appeals relied upon *Menna* in holding that a claim of double jeopardy was not waived by the entry of a voluntary plea of guilty. *Harrison v. State*, 721 S.W.2d 904, 905 (Tex.App.—Dallas 1986), *rev'd on other grounds*, 788 S.W.2d 18, 24 (Tex.Crim.App.1990). This Court held that attacks on the constitutionality of the controlled substances tax statute were not waived by a plea of guilty in *Lopez v. State*, 837 S.W.2d 863, 865 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

■ Accordingly, we now hold that a claim is jurisdictional for purposes of the *Helms* rule, when it goes to the very power of the State to bring the defendant into court to answer the charge against him. This includes claims of double jeopardy and facial unconstitutionality of the statute prescribing the offense alleged, but does not include constitutional violations in obtaining evidence, defects in the indictment, or sufficiency of the evidence. We now determine whether appellant has raised jurisdictional defects or waived his appellate complaints.

### b. Violations of Federal Due Process

In points of error one, three, and four, appellant contends the controlled-substance tax statute, Tex.Tax Code Ann. §§ 159.001, 159.101, 159.201 (Vernon 1992), is unconstitutional because the statute violates his right to due process under the United State Constitution.

### 1. Tax on foreign property

In his first point of error appellant challenges the constitutionality of the controlled-substance tax statute that required him, a nonresident of Texas, to pay a property tax on cocaine that did not obtain a situs in Texas.

Appellant was convicted under Tex.Tax Code Ann. § 159.201 (Vernon 1992) that provides a dealer commits an offense if the dealer possesses a taxable substance on which the tax imposed by the code has not been paid. Section 159.101 sets forth the taxes to be imposed on the possession, purchase, acquisition, importation, manufacture, or production by a dealer of a taxable substance. Tex.Tax Code Ann. § 159.101 (Vernon 1992). A taxable substance is defined as, among other things, a controlled substance under Tex.Health & Safety Code Ann. § 481.002 (Vernon 1992). Tex.Tax Code Ann. § 159.001 (Vernon 1992).

■ Appellant argues that he was a resident of Louisiana, the controlled substance was only temporarily in Texas, and the substance did not acquire situs in Texas.[4] He contends, therefore, the tax imposed on him was in violation of the due process clause, and the tax was unconstitutional. Appellant is not contending the statute is facially unconstitutional, that is, it is unconstitutional under every circumstance to which it is applied. Rather, he contends it is only unconstitutional as it was applied to him. Therefore, appellant's complaint is not jurisdictional for purposes of the *Helms* rule. Appellant has waived his first point of error.

Accordingly, we overrule point of error one.

### 2. Presumption of Dealer Status

In points three and four, appellant contends that his federal due process rights were violated because Tex.Tax Code Ann. § 159.001 (Vernon 1992) contains either a

---

**2.** The carving doctrine was abandoned in *Ex parte McWilliams*, 634 S.W.2d 815, 824 (Tex. Crim.App.1980) (op. on reh'g).

**3.** Judge Clinton's understanding of the *Helms* rule was adopted by the full court in *Jack v. State*, 871 S.W.2d at 742–44.

**4.** Appellant did not testify at the suppression hearing, and there is no evidence in the record of his residency, of how long the cocaine was in Texas or of how it came into appellant's possession.

mandatory or permissive statutory presumption. Appellant specifically targets the definition of "dealer:"

(3) "Dealer" means a person who in violation of the law of this state imports into this state or manufactures, produces, acquires, or possesses in this state:

(A) seven grams or more of a taxable substance consisting of or containing a controlled substance, counterfeit substance, or simulated controlled substance; ...

Tex.Tax Code Ann. § 159.001(3)(A) (Vernon 1992). Appellant's particular complaint is that the statute sets up an unconstitutional presumption that one who possesses more than seven grams of a controlled substance is a dealer.

■ It appears that appellant has raised an attack on the facial constitutionality of the statute under which he was prosecuted. We are, therefore, required to address appellant's third and fourth points of error on the merits. See Lopez, 837 S.W.2d at 865 (where this Court addressed several attacks of the constitutionality of the same statute). When an appellate court is called upon to determine the constitutionality of a statute, the initial presumption is that the statute is constitutional. Id.

Appellant argues that the statute establishes a presumption which relieves the State from proving every element of the offense beyond a reasonable doubt. The State responds that the statute provides a *definition* of dealer, rather than a *presumption* arising from an underlying factual predicate. The State asserts that appellant's argument is similar to the one raised and rejected in *Forte v. State*, 707 S.W.2d 89, 93–94 (Tex. Crim.App.1986) (holding that the definition of intoxication, replacing the former presumption, was not a presumption at all). We agree.

■ The legislature has defined the offense of possession of an item if tax unpaid

as applicable to "a person who in violation of the law of this state imports into this state or manufactures, produces, acquires, or possesses in this state seven grams or more of a taxable substance consisting of or containing a controlled substance, counterfeit substance, or simulated controlled substance." Tex.Tax Code Ann. §§ 159.001(3)(A), 159.201(a) (Vernon 1992). Appellant has not demonstrated any reason why the legislature's determination to tax those who unlawfully possess seven grams or more of a controlled substance is unsound. Appellant has failed to rebut the presumption of constitutionality enjoyed by legislative enactments. See Lopez, 837 S.W.2d at 865–67.

Therefore, we find no facial constitutional defect in the statutory definition of "dealer." We overrule points of error three and four.

#### c. Lack of Jurisdiction to Tax Appellant's Property

■ In point of error two, appellant contends his conviction for failure to pay the controlled substance tax is invalid because, under Tex.Tax Code Ann. § 11.01 (Vernon 1992), the State of Texas did not have jurisdiction to tax his property. Section 11.01(c) authorizes the State to tax personal property if it is in the State for longer than a temporary period. Appellant contends the cocaine was only temporarily in Texas.[5] Appellant does not complain that the statute is facially unconstitutional; instead, he argues that it is unconstitutional as applied to him because his property was not subject to taxation under the Tax Code. Appellant's complaint is not jurisdictional for purposes of the *Helms* rule; therefore, he has waived it on appeal.

We overrule point of error two.

#### d. Denial of Motion to Suppress Evidence

■ In points of error five and six, appellant contends the trial court erred by denying his motion to suppress the cocaine because his detention by the police was not lawful and because he did not voluntarily

---

5. The record is silent as to when and where appellant obtained the cocaine.

consent to search the car in which the cocaine was found. Because appellant pled nolo contendere without an agreed recommendation on punishment, he has waived for review on appeal any error regarding the denial of his motion to suppress. *Wheeler v. State,* 628 S.W.2d 800, 803 (Tex.Crim.App. 1982). Any error in denying a motion to suppress evidence is not jurisdictional for purposes of the *Helms* rule. *Shallhorn v. State,* 732 S.W.2d 636, 637 (Tex.Crim.App. 1987) (finding that plea of guilty without plea bargain agreement waived review of pretrial motion to suppress confession). Appellant waived his fifth and sixth points of error.

We overrule points of error five and six.

### Conclusion

We affirm the trial court's judgments in cause numbers 7889 and 7890.