**Charles O. OKIGBO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00930–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 8, 1998.

Discretionary Review Refused April 22, 1998.

James M. Leitner, Houston, for appellant.

John B. Holmes, Alan Curry, Houston, for appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

## OPINION

ANDELL, Justice.

After the trial court found appellant, Charles O. Okigbo, guilty of theft, it assessed punishment of 5-years deferred adjudication and imposed a $1000 fine. The State filed a motion to adjudicate guilt, claiming that Okigbo had violated the terms and conditions of probation. The trial court found the allegations in the State's motion to adjudicate to be true, revoked Okigbo's probation, found Okigbo guilty of the charged offense, and assessed Okigbo's punishment at a fine of $1000 and a 10-year confinement in prison. On appeal, Okigbo complains of the trial court's denial of his motion to dismiss the State's motion to adjudicate guilt and the legality of the sentence imposed. We affirm.

### ADEQUACY OF THE NOTICE OF APPEAL

A defendant who receives deferred adjudication pursuant to a negotiated plea bargain and is later adjudicated guilty must comply with the extra notice requirements of rule 40(b)(1). *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996). Rule 40(b)(1) states in relevant part:

If the judgment was rendered upon his plea of guilty ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the *notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*

Tex.R.App. P. 40(b)(1)(emphasis added).

■ In our case, Okigbo agreed to the punishment recommended and assessed. The transcript contains a document styled, "Plea of Guilty," which Okigbo personally signed. In this document, Okigbo agreed to plead guilty and agreed to the prosecutor's recommendation on punishment. With this personal agreement to the punishment recommended and assessed, Okigbo must have the trial court's permission to appeal. *Watson,* 924 S.W.2d at 714.

■ An appeal to which the restrictions of rule 40(b)(1) apply is limited to matters which the trial judge allows, to pretrial motions, and to jurisdictional defects.[1] *Watson,* 924 S.W.2d at 714. A court of appeals errs if it reaches the merits of nonjurisdictional complaints raised by an appellant without permission of the trial judge or benefit of a written motion filed before trial. *Id.* at 715.

In this case, the trial judge did not allow Okigbo to appeal, Okigbo is not appealing a matter raised in a pretrial motion, and Okigbo does not allege a jurisdictional defect. Instead, Okigbo is seeking reversal based on the State's failure to use due diligence in apprehending Okigbo and the legality of the sentence assessed against him. Okigbo has not complied with the extra notice requirements of rule 40(b)(1) and, therefore, we do not have jurisdiction over this appeal.

We dismiss the appeal for lack of jurisdiction.

TAFT, Justice, concurring.

I concur in the majority opinion only because we are bound by the decision of the Court of Criminal Appeals in *Watson v. State,* 924 S.W.2d 711 (Tex.Crim.App.1996). I write to urge that court to reexamine its decision in *Watson.*

The applicable rule of appellate procedure requires additional statements in the notice of appeal "if the judgment was rendered upon his plea of guilty ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney." Tex.R.App.P.40(b)(1). In a case in which a defendant was originally placed on deferred adjudication pursuant to a plea bargain, but was later adjudicated on the basis of a State's motion to adjudicate, I believe "it is clear" that the judgment is based not on the original plea, but rather on the trial court's granting the State's motion to adjudicate in a contested proceeding. The *Watson* opinion concluded the judgment in such a case is based on the plea of guilty because "it is clear." 924 S.W.2d at 714. In other words, the Court of Criminal Appeals did not really examine the issue I raise here.

It could be argued that the original plea forms the legal basis for the ultimate adjudication without requiring the State to further prove the defendant's guilt. The reality, however, is that only the original judgment, in which the defendant was placed on deferred adjudication, was based on the plea of guilty. The ultimate judgment, assessing a term of years in prison and replacing the original judgment, is based on the trial court's sustaining the State's motion to adjudicate.

I also disagree with the issue the Court of Criminal Appeals did examine in *Watson,* namely, that a term of 10-years confinement was within the punishment recommended by the prosecutor. 924 S.W.2d at 714–15. Indeed, the majority opinion in *Watson* ac-

[1]. Jurisdictional defects are defects that go to the very power of the State to bring the defendant in court to answer the charge against him. *Courtney v. State,* 904 S.W.2d 907, 908 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). Jurisdictional defects include claims of double jeopardy and facial unconstitutionality of the statute prescribing the offense alleged, but do not include constitutional violations in obtaining evidence, defects in the indictment, or sufficiency of the evidence. *Id.*

knowledged that "the prosecutor is making no recommendation at all concerning the term of years [the defendant] may be required to serve if his probation is later revoked and the trial court proceeds to adjudicate him guilty of the charged offense," *Id.* at 714.

As did the El Paso Court of Appeals in *Watson v. State*, 884 S.W.2d 836, 837–38 (Tex.App–El Paso 1994), *rev'd,* 924 S.W.2d 711 (Tex.Crim.App.1996), I would hold the scope of appellate review is governed not by rule 40(b)(1), but by the *Helms*[1] rule. While this would not allow appellant to appeal the denial of his motion to dismiss the State's motion to adjudicate guilt, it would at least allow appellant to appeal the sentence imposed.

Therefore, I respectfully concur.

---

**1.** *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App. 1972). The *Helms* rule restricted the scope of appeal for one entering a voluntary plea of guilty to jurisdictional defects. In *Jack v. State,* 871 S.W.2d 741, 744 (Tex.Crim.App.1994), the Court of Criminal Appeals enlarged the *Helms* rule to allow appeal of matters occurring after entry of the plea of guilty.