TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00592-CR






Leroy H. Jones, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-95-0545-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







In August 1996, appellant Leroy H. Jones pleaded guilty and judicially confessed
to possessing more than four ounces of marihuana on which the controlled substances tax had not
been paid. See Tex. Tax Code Ann. § 159.201 (West 1992). The district court adjudged him
guilty and, pursuant to a plea bargain agreement, assessed punishment at imprisonment for seven
years and a $1000 fine, suspended imposition of sentence, and placed appellant on community
supervision. In June 1997, following a hearing on the State's motion to revoke, the court found
that appellant had violated his supervisory conditions, revoked supervision, and imposed the
sentence previously assessed.

Appellant brings forward nineteen points of error, only two of which directly
challenge the revocation of supervision. A third point complains of the district court's disposition
of a habeas corpus application. The sixteen remaining points challenge appellant's original
conviction. We will overrule all points and affirm.


Revocation of supervision

Appellant contends the evidence does not support the court's finding that he violated
the conditions of supervision. At the revocation hearing, the State offered in evidence two
community supervision department "client admission of use" forms. Each form states, "I, Leroy
Jones, voluntarily admit that I used [cocaine] on or about" a specified date, and is signed by
appellant. Appellant's supervision officer testified that appellant signed these forms after
urinalysis tests were positive for cocaine. Appellant contends he did not sign the forms
voluntarily, but he did not object to their admission in evidence on this ground. Appellant's
admissions that he used cocaine support the district court's finding that appellant violated the
conditions of his supervision by using a controlled substance without a doctor's prescription. 
Because a single violation supports the revocation of supervision, we need not determine if the
other violations found by the court were supported by evidence. See Sanchez v. State, 603 S.W.2d
869, 871 (Tex. Crim. App. 1980). Point of error four is overruled. (1) 

Stephen R. Lupton, the current District Attorney for the 51st Judicial District, was
appellant's defense attorney when he pleaded guilty and was convicted in this cause. Appellant
contends the revocation order must be reversed because Lupton and all of his assistants did not
recuse themselves. He relies on Code of Criminal Procedure article 2.01, which provides that a
district attorney must represent the State in all criminal actions in the district courts of his district
"except in cases where he has been, before his election, employed adversely." Tex. Code Crim.
Proc. Ann. art. 2.01 (West Supp. 1999).

Article 2.01 prohibits a district attorney from personally representing the State in
a probation revocation proceeding if he represented the defendant at the original trial. See Ex
parte Spain, 589 S.W.2d 132, 134 (Tex. Crim. App. 1979). In this cause, the motion to revoke
was filed by an assistant district attorney. The same assistant represented the State at the hearing. 
There is no evidence that Lupton had any personal involvement in the revocation proceeding, nor
is there evidence that the State benefitted in any way from Lupton's prior representation of
appellant. Moreover, appellant waived any possible conflict of interest by failing to raise this
issue below. See Worthington v. State, 714 S.W.2d 461, 465 (Tex. App.--Houston [1st Dist.]
1986, pet. ref'd). Point of error two is overruled.


Habeas corpus

Appellant filed an application for writ of habeas corpus the day before the hearing
on the motion to revoke supervision. In the writ application, appellant complained that he had
been denied a speedy hearing on the motion to revoke. See Tex. Code Crim. Proc. Ann. art.
42.12, § 21(b) (hearing within twenty days); see also Aguilar v. State, 621 S.W.2d 781, 786 (Tex.
Crim. App. 1981) (excessive prerevocation confinement may be remedied by writ of habeas
corpus). The district court took up the writ application before beginning the revocation hearing. 
The court found that appellant's complaint was well taken and granted him a personal recognizance
bond. The court then proceeded to hear and grant the motion to revoke.

Appellant complains that the court erred by "failing to grant substantive relief" on
the habeas corpus application. This is a contention that should have been raised on appeal from
the court's habeas corpus ruling. A violation of the speedy hearing statute is not error that taints
the decision to revoke or mandates a reversal of the revocation order. Aguilar, 621 S.W.2d at
786. Point of error five is overruled.


Original conviction

As a general rule, an appeal from an order revoking community supervision is
limited to the propriety of the revocation order and does not include a review of the original or
underlying conviction. Whetstone v. State, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990). The
original conviction may be collaterally attacked on appeal from a revocation order only if
fundamental error was committed. Dinnery v. State, 592 S.W.2d 343, 350 (Tex. Crim. App.
1980) (op. on reh'g); Smola v. State, 736 S.W.2d 265, 266 (Tex. App.--Austin 1987, no pet.). 
The type of error that may be collaterally attacked is one that renders the earlier proceeding
absolutely void. Errors that merely render the proceeding voidable must be attacked on direct
appeal. Ex parte Shields, 550 S.W.2d 670, 675-76 (Tex. Crim. App. 1977) (op. on reh'g). 
Appellant's brief does not attempt to demonstrate that the matters he raises are proper subjects for
collateral attack. While we will address the merits of each point appellant brings forward, our
consideration of these points should not be construed as a holding that each is properly before us. 

Appellant contends the evidence was insufficient to support his conviction. The
clerk's record contains appellant's written judicial confession. This is sufficient to sustain the
conviction. See Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g). 
Point of error three is overruled.

Appellant complains that Stephen Lupton, the attorney who represented him at the
original trial, had a conflict of interest because he was at that time a nominee for district attorney. 
This fact is not reflected in the record before us, but is not disputed by the State. Appellant cites
no authority to support the contention that his attorney's candidacy, in itself, constituted a conflict
of interest. Appellant hypothesizes that Lupton might have been reluctant to vigorously defend
him for fear of appearing soft on crime, but cites no evidence to support this hypothesis. Point
of error one is overruled.

Appellant contends his conviction violated the constitutional prohibition against bills
of attainder. See U.S. Const. art. I, §§ 9, 10; Tex. Const. art. I, § 16. A bill of attainder is a
legislative act that applies either to a named individual or to an easily identified member of a group
in such a way as to inflict punishment without a judicial trial. United States v. Lovett, 328 U.S.
303, 315 (1946). Appellant argues that Tax Code section 159.101, imposing a tax on the
possession of controlled substances, imposes a punishment without trial and is therefore a bill of
attainder. See Tex. Tax Code Ann. § 159.101 (West 1992 & Supp. 1999). He further argues that
section 159.201, prohibiting the possession of a taxable controlled substance on which the tax has
not been paid, "exacts retribution on behalf of the Bill of Attainder, and so it is itself a Bill of
Attainder."

Section 159.101 does not apply to appellant by name, nor is appellant a member
of an easily identified group to which application of the statute is limited. Further, the tax
imposed by section 159.101 has been deemed a punishment only if it is paid in full. See Ex parte
Ward, 964 S.W.2d 617, 632 (Tex. Crim. App. 1998) (applying double jeopardy clause). The
mere obligation to pay the tax does not constitute a punishment. See id. at 628. There is no
evidence that appellant has paid the tax imposed by section 159.101. Appellant's argument that
section 159.101, and by extension section 159.201, operated as an unconstitutional bill of attainder
in this cause is without merit. Points of error six and seven are overruled.

Appellant asserts that his conviction violated the Fourth Amendment. U.S. Const.
amend. IV. He relies on this Court's holding that section 159.101(i), prohibiting the application
of the exclusionary rule in civil proceedings to determine controlled substances tax liability, is
unconstitutional. See Vara v. Sharp, 880 S.W.2d 844, 852-53 (Tex. App.--Austin 1994, no writ). 
The present cause is a criminal prosecution to which section 159.101(i) does not purport to apply,
and our holding in Vara is not on point. There is no showing that any evidence used against
appellant in this cause was the fruit of an unlawful search. Point of error eight is overruled.

Appellant contends his conviction violated the constitutional prohibition against ex
post facto laws. See U.S. Const. art. I, §§ 9, 10; Tex. Const. art. I, § 16. An ex post facto law
(1) punishes as a crime an act previously committed which was innocent when done, (2) changes
the punishment to inflict a greater punishment than the law attached to a criminal offense when
committed, or (3) deprives a criminal defendant of a defense available at the time the act was
committed. Johnson v. State, 930 S.W.2d 589, 591 (Tex. Crim. App. 1996). Section 159.101
became effective on September 1, 1989. Act of May 28, 1989, 71st Leg., R.S., ch. 1152, § 2,
1989 Tex. Gen. Laws 4752, 4755. Appellant committed the offense for which he was convicted
in this cause on July 28, 1995. Section 159.201 was not retroactively applied to appellant. Points
of error nine and ten are overruled.

Appellant asserts that his conviction violated the constitutional guarantee against
double jeopardy. See U.S. Const. amend. V; Tex. Const. art. I, § 14. The double jeopardy
clauses protect against a second prosecution for the same offense after acquittal, a second
prosecution for the same offense after conviction, and multiple punishments for the same offense. 
Illinois v. Vitale, 447 U.S. 410, 415 (1980); Cervantes v. State, 815 S.W.2d 569, 572 (Tex. Crim.
App. 1991). As we understand it, appellant's argument is that payment of the controlled
substances tax bars a subsequent prosecution for possession of the same controlled substance. See
Stennett v. State, 941 S.W.2d 914, 917 (Tex. Crim. App. 1996). So far as the record in this cause
reveals, appellant has not paid the controlled substances tax imposed by section 159.101. Thus,
there is no basis for appellant's double jeopardy claim. See Ex parte Ward, 964 S.W.2d at 632. 
Points of error eleven and twelve are overruled.

Appellant contends he has been subjected to cruel or unusual punishment. See Tex.
Const. art. I, § 13. Appellant notes that possession of more than four ounces of marihuana on
which the controlled substances tax has not been paid is punishable as a third degree felony under
the Controlled Substances Tax Act, while possession of up to five pounds of marihuana is
punishable only as a state jail felony under the Controlled Substances Act. See Tex. Health &
Safety Code Ann. § 481.121(a), (b)(3) (West Supp. 1999). Appellant argues that it is cruel to
impose a greater penalty for the tax offense than would apply to the underlying possessory offense.

If for no other reason, appellant's argument fails because the record does not clearly
reflect the amount of marihuana he possessed. The Controlled Substances Act prescribes a range
of penalties for possession of marihuana, up to imprisonment for life. See id. § 481.121(b). The
indictment against appellant, in a count dismissed pursuant to the plea bargain, alleged that he
possessed five pounds or less of marihuana. The indictment, however, is not evidence. Tex.
Code Crim. Proc. Ann. art. 38.03 (West Supp. 1999). Appellant judicially confessed that he
possessed more than four ounces, without specifying the actual amount or a maximum amount. 
On this record, we cannot say that appellant would have been subject to a lesser punishment range
had he been prosecuted under the Controlled Substances Act. Point of error thirteen is overruled.

Appellant urges that his conviction impaired the obligation of a contract. See Tex.
Const. art. I, § 16. His argument, for which he cites no authority, is that the constitution prohibits
"[i]mprisoning defendants for entering into a contract to pay taxes." Appellant's obligation to pay
the controlled substances tax was not imposed by contract, but by section 159.101. Moreover,
appellant was not prosecuted for paying the tax, but for failing to pay it. The record contains no
evidence that any contractual obligation was impaired by this prosecution. Point of error fourteen
is overruled.

Appellant contends his conviction violated the Fifth Amendment guarantee against
self-incrimination. Appellant argues that had he paid the tax imposed by section 159.101, he
would have exposed himself to prosecution under the Controlled Substances Act. Thus, appellant
argues, he has been punished for exercising his constitutional privilege against self-incrimination. 
See Leary v. United States, 395 U.S. 6, 16-18 (1969) (Marihuana Tax Act required persons
subject to act to incriminate themselves).

The Controlled Substances Tax Act provides that all information furnished by a
taxpayer is confidential, and may not be used in a prosecution outside the act. Tex. Tax Code
Ann. § 159.005(a), (d) (West 1992). Compliance with the act is not, therefore, self-incriminating. 
Lopez v. State, 837 S.W.2d 863, 867 (Tex. App.--Houston [1st Dist.] 1992, no pet.). Compare
Leary, 395 U.S. at 26-27 (Marihuana Tax Act required tax records to be furnished to prosecutors). 
Point of error fifteen is overruled.

Appellant contends he was denied his rights to indictment and to demand the nature
and cause of the accusation against him. See Tex. Const. art. I, § 10. Appellant argues that the
tax imposed by section 159.101 is a punishment, and that the act requires a person to submit to
the punishment without an indictment or other notice by the State. Whatever merit this argument
might have, it does not apply to appellant because he did not pay the tax. His prosecution in this
cause began with an indictment. Points of error sixteen and seventeen are overruled.

Appellant contends he was denied due process of law. See U.S. Const. amend.
XIV. His arguments under this point repeat contentions made under other points that we have
already discussed and overruled. Point of error eighteen is overruled.

Finally, appellant urges that he has been imprisoned for a debt. See Tex. Const.
art. I, § 18. The constitutional protection against imprisonment for debt generally applies to a
liability to pay money growing out of a contract. See Wisenbaker v. State, 860 S.W.2d 681, 688
n.5 (Tex. App.--Austin 1993, pet. ref'd) (quoting A.J. Thomas, Jr. & Ann Van Wynen Thomas,
Interpretive Commentary, Tex. Const. art. I, § 18 (West 1997)). Imprisonment assessed as
punishment for the violation of a statute does not constitute imprisonment for debt, even if the
statute has the effect of requiring a payment of money. See Lyons v. State, 835 S.W.2d 715, 718
(Tex. App.--Texarkana 1992, pet. ref'd). The criminal act in this cause was not appellant's
failure to pay a debt he had incurred, but his intentional and knowing possession of marihuana on
which the controlled substances tax had not been paid.

Appellant's reliance on Ex parte Tate, 471 S.W.2d 404 (Tex. Crim. App. 1971),
is misplaced. Tate was not an article I, section 18 case. It was an equal protection case, based
on the United States Supreme Court's holding that a state may not impose a fine as punishment
for a criminal offense, then convert the fine into a prison term because the defendant is indigent
and cannot pay. See Tate v. Short, 401 U.S. 395, 398-99 (1971). There is no evidence that
appellant was unable to pay the controlled substances tax due to indigence. Point of error nineteen
is overruled.

We affirm the order revoking community supervision.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: April 15, 1999

Do Not Publish




* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The numbering of the points of error in the table of contents of appellant's brief does not
correspond to the numbering of the points in the body of the brief. We will use the latter
numbers.



huana Tax Act required persons
subject to act to incriminate themselves).

The Controlled Substances Tax Act provides that all information furnished by a
taxpayer is confidential, and may not be used in a prosecution outside the act. Tex. Tax Code
Ann. § 159.005(a), (d) (West 1992). Compliance with the act is not, therefore, self-incriminating. 
Lopez v. State, 837 S.W.2d 863, 867 (Tex. App.--Houston [1st Dist.] 1992, no pet.). Compare
Leary, 395 U.S. at 26-27 (Marihuana Tax Act required tax records to be furnished to prosecutors). 
Point of error fifteen is overruled.

Appellant contends he was denied his rights to indictment and to demand the nature
and cause of the accusation against him. See Tex. Const. art. I, § 10. Appellant argues that the
tax imposed by section 159.101 is a punishment, and that the act requires a person to submit to
the punishment without an indictment or other notice by the State. Whatever merit this argument
might have, it does not apply to appellant because he did not pay the tax. His prosecution in this
cause began with an indictment. Points of error sixteen and seventeen are overruled.

Appellant contends he was denied due process of law. See U.S. Const. amend.
XIV. His arguments under this point repeat contentions made under other points that we have
already discussed and overruled. Point of error eighteen is overruled.

Finally, appellant urges that he has been imprisoned for a debt. See Tex. Const.
art. I, § 18. The constitutional protection against imprisonment for debt generally applies to a
liability to pay money growing out of a contract. See Wisenbaker v. State, 860 S.W.2d 681, 688
n.5 (Tex. App.--Austin 1993, pet. ref'd) (quoting A.J. Thomas, Jr. & Ann Van Wynen Thomas,
Interpretive Commentary, Tex. Const. art. I, § 18 (West 1997)). Imprisonment assessed as
punishment for the violation of a statute does not constitute imprisonment for debt, even if the
statute has the effect of requiring a payment of money. See Lyons v. State, 835 S.W.2d 715, 718
(Tex. App.--Texarkana 1992, pet. ref'd). The criminal act in this cause was not appellant's
failure to pay a debt he had incurred, but his intentional and knowing possession of marihuana on
which the controlled substances tax had not been paid.

Appellant's reliance on Ex parte Tate, 471 S.W.2d 404 (Tex. Crim. App. 1971),
is misplaced. Tate was not an article I, section 18 case. It was an equal protection case, based
on the United States Supreme Court's holding that a state may not impose a fine as punishment
for a criminal offense, then convert the fine into a prison term because the defendant is indigent
and cannot pay. See Tate v. Short, 401 U.S. 395, 398-99 (1971). There is no evidence that
appellant was unable to pay the controlled substances tax due to indigence. Point of error nineteen
is overruled.

We affirm the order revoking community supervision.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*