NUMBER 13-99-674-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 



JUSTIN AARON THOMAN , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 351st District Court

 of Harris County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 
Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Chief Justice Seerden

 

 Appellant Justin Aaron Thoman was convicted of attempted burglary and sentenced to three years of imprisonment. In
six issues, appellant contends that the proceedings below violated his state and federal constitutional rights. For the
reasons stated herein, we dismiss this appeal for want of jurisdiction. 

Procedural Background

 Appellant was charged with attempted burglary of a habitation, a felony offense. Pursuant to a plea bargain
agreement, appellant entered a plea of guilty, and proceeded to trial before the bench. The trial court placed the
appellant on three years of deferred adjudication community supervision. The State thereafter moved to adjudicate
guilt. The trial court adjudicated guilt and assessed punishment at three years of imprisonment. 

 Thoman brings six issues on appeal. In his first and second points of error, he contends that the trial court committed
fundamental error in proceeding to judgment and sentence after accepting appellant's guilty plea under circumstances
whereby the state was required to produce evidence to support the judgment of guilt, yet the defendant was not entitled
to put on any evidence of his own. Appellant thus contends that his right to compulsory process under the state and
federal constitutions was violated. In appellant's third and fourth points of error, he contends that the trial court
committed fundamental error in entering a judgment of guilt after a bench trial where the record does not reflect that
the appellant waived his state and federal constitutional rights to compulsory process. In appellant's fifth and sixth
points of error, he contends that his sentence was excessive and thus violated the state and federal constitutional bans
against cruel and unusual punishment. 

Jurisdiction

 A defendant placed on deferred adjudication may raise issues pertaining to the original plea proceeding only in an
appeal taken when deferred adjudication is first imposed. Manuel v. State, 994 S.W.2d 658, 660 (Tex. Crim. App.
1999). Appellant's complaints arise from his conviction and punishment, not the revocation of his community
supervision. Therefore, he was required to appeal within 30 days after he was placed on community supervision. Id.;
see Tex. R. App. P. 26.2; Tex. Code Crim. Proc. Ann. art. 42.12 §23(b) (Vernon Supp. 2000). Because appellant did
not appeal his conviction and sentence until after his community supervision was revoked, his appeal is untimely.
Therefore, insofar as appellant's first, second, third, and fourth issues relate to the original cause in which appellant
received deferred adjudication community supervision, we dismiss the appeal for want of jurisdiction. 

 In appellant's fifth and sixth points of error, he contends that his sentence was excessive and thus violated the state and
federal constitutional bans against cruel and unusual punishment. An appellant who has pleaded guilty or nolo
contendere in exchange for deferred adjudication must comply with Texas Rule of Appellate Procedure 25.2(b)(3)
when he seeks to appeal a subsequent adjudication and sentencing. See Manuel v. State, 994 S.W.2d 648, 660 n. 2
(Tex. Crim. App. 1999); Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996)(both applying former
appellate rule 40(b)(1)); Okigbo v. State, 960 S.W.2d 923, 925 (Tex.App.-Houston [1stDist.] 1998, pet. ref'd)(applying
Tex. R. App. P. 25.2(b)(3)). 

 In this instance, appellant's pro se notice of appeal specified that his appeal was being brought for jurisdictional
defects. Court-appointed counsel then filed a second general notice of appeal. Appellant's complaints regarding his
punishment do not raise jurisdictional error and were not raised by pretrial motion. The record does not reflect that the
trial court granted appellant permission to appeal. Thus, we do not have jurisdiction to address these complaints.
Accordingly, we dismiss appellant's fifth and sixth points of error. 

 The appeal in its entirety is dismissed for want of jurisdiction. 




__________________________________ 

ROBERT J. SEERDEN, Chief Justice 



Do not publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 24th day of August, 2000.