In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01162-CR

____________


JOE GARZA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court 

Harris County, Texas

Trial Court Cause No. 775531

 




O P I N I O N


 Appellant, Joe Garza, appeals from an order adjudicating his guilt for
aggravated assault and assessing his punishment at four years in prison. We dismiss
the appeal for want of jurisdiction.


Procedural Background


 In February 1998, appellant pled guilty, without an agreed punishment
recommendation, to aggravated assault. See Tex. Pen. Code Ann. § 22.02(a)
(Vernon 1994). The trial court deferred adjudication of guilt and placed appellant on
community supervision for 10 years. Appellant did not appeal that order. The State
later moved to adjudicate appellant's guilt; appellant pled true; the trial court found
appellant guilty; and, according to the parties' agreement at adjudication, the trial
court assessed punishment at four years in prison.

No Jurisdiction


 In points of error one and two, appellant claims Code of Criminal Procedure
article 1.15, on which the original plea was based, is facially unconstitutional under
both the state and federal constitutions because it allegedly denies a defendant the
right to compulsory process by allowing only the State to present evidence. See Tex.
Code. Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2002). In points of error three and
four, appellant, although acknowledging that a defendant can knowingly waive the
right to compulsory process, claims he did not do so because (1) he was not
admonished of that right and (2) the plea papers do not expressly recite such a waiver.

 A defendant may normally not appeal issues relating to the original plea
proceeding in an appeal, such as this one, from an order adjudicating guilt. See
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). An exception
arises when the original plea proceeding is void. See Nix v. State, 65 S.W.3d 664,
667-68 (Tex. Crim. App. 2001); Jordan v. State, 54 S.W.3d 783, 785 (Tex. Crim.
App. 2001). Only in rare situations, usually due to lack of jurisdiction, will a
judgment be void. Jordan, 54 S.W.3d at 785; cf. also Ex parte McCain, 67 S.W.3d
204, 209 (Tex. Crim. App. 2002) ("void" convictions are those in which trial court
lacked jurisdiction over person or subject matter or in which judge lacked
qualification to act in any manner). For example, a statute that prescribes an offense
is void if it is facially unconstitutional, and a conviction rendered under that statute
can be challenged at any time. See McGowan v. State, 938 S.W.2d 732, 741-42 (Tex.
App.--Houston [14th Dist.] 1996), (1) aff'd on other grounds sub. nom Weightman v.
State, 975 S.W.2d 621 (Tex. Crim. App. 1998); cf. Courtney v. State, 904 S.W.2d
907, 910 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd) ("Accordingly, we now
hold that a claim is jurisdictional for purposes of the Helms rule, when it goes to the
very power of the State to bring the defendant into court to answer the charge against
him. This includes claims of double jeopardy and facial unconstitutionality of the
statute prescribing the offense alleged, but does not include constitutional violations
in obtaining evidence, defects in the indictment, or sufficiency of the evidence.")
(emphasis added). 

 Appellant's first two points of error attempt to invoke the void-judgment
exception by asserting that article 1.15 is facially unconstitutional, and thus void, for
denying the right to compulsory process. Appellant's reliance on this exception is
misplaced. Not every facially unconstitutional statute will render a conviction void. 
Rather, a conviction will be void when the statute prescribing the offense alleged is
facially unconstitutional. See McGowan, 938 S.W.2d at 741-42; cf. Courtney, 904
S.W.2d at 910. Penal Code section 22.02 establishes the offense alleged against
appellant. See Tex. Pen. Code Ann. § 22.02(a) (aggravated assault). Article 1.15
does not. See Tex. Code. Crim. Proc. Ann. art. 1.15. Article 1.15 instead concerns
simply how and when judgment may be rendered on a plea. See id. Article 1.15 is
thus procedural. The void-judgment exception that appellant attempts to invoke does
not apply to merely procedural statutes, even when they are facially unconstitutional. 
Thus, even if article 1.15 were facially unconstitutional, that fact would not deprive
the State of power to bring appellant into court or render his conviction void. 
Compare Nix, 65 S.W.3d at 668 (setting out examples of situations in which
underlying judgment void, under none of which appellant's challenges would fall);
Courtney, 904 S.W.2d at 910. 

 Accordingly, appellant had to assert his challenge under points of error one and
two in an appeal from his original guilty plea. See Manuel, 994 S.W.2d at 661-62. 
Appellant instead appealed only after his guilt was adjudicated. His appeal is thus
untimely, and we have no jurisdiction over it. See id. For similar reasons, we have
no jurisdiction to review appellant's related third and fourth points of error. See id.

Conclusion


 We dismiss the appeal for want of jurisdiction.





 Tim Taft


 Justice


Panel consists of Justices Taft, Alcala, and Price. (2)


Do not publish. Tex. R. App. P. 47.4.
1. "'We recognize that '[q]uestions involving the constitutionality of a statute
upon which a defendant's conviction is based should be addressed by appellate
courts, even when such issues are raised for the first time on appeal.' . . . In
our view, the [Rabb v. State, 730 S.W.2d 751, 752 (Tex.Crim.App.1987)] rule
is properly applied in instances where the questioned statute affects the
jurisdiction of the court to render a judgment against the defendant, i.e., when
the statute affects 'the power of the court over the 'subject matter' of the case
. . . coupled with 'personal' jurisdiction over the accused." If the challenge is
valid, the judgment is void because an unconstitutional statute cannot confer
authority upon the court to act.' . . . We agree with this reasoning, but we add
to it the distinction [that] . . . an appellant is not required to object at trial if he
or she is challenging the facial constitutionality of the statute or arguing the
statute is void ab initio. This is because only a facial constitutional challenge
affects the jurisdiction of the court to render a judgment against the defendant." 
McGowan, 938 S.W.2d at 741-42 (quoting Webb v. State, 899 S.W.2d 814, 818
(Tex. App.--Waco 1995, pet. ref'd)) (citations omitted).
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.