William Joseph Lindley v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-158-CR

Â Â Â Â Â WILLIAM JOSEPH LINDLEY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 339th District Court
Harris County, Texas
Trial Court # 762,281
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant appeals his conviction for aggravated robbery (enhanced by two prior felony
convictions), for which he was sentenced to 25 years in the Texas Department of Criminal
JusticeâInstitutional Division.
Â Â Â Â Â Â Appellant was indicted for aggravated robbery with two prior felony enhancements. On
February 5, 1998, he pled guilty to the offense and pled true to the two enhancements. This was
an open plea; there was no plea bargain. The trial court made no finding of guilt at that time but
ordered a pre-sentence investigation. On April 2, 1998, the court called the case, stated that he
had the pre-sentence investigation, and asked if there were any objections. There were none. 
After hearing Appellant and three witnesses testify, the court found Appellant guilty and sentenced
him to 25 years in prison.
Â Â Â Â Â Â Appellant (by new counsel) appeals on three points of error:
Â Â Â Â Â Â Point 1:Â Appellantâs trial attorney rendered ineffective assistance by failing to move for a
psychiatric examination to determine Appellantâs sanity at the time of the offense.
Â Â Â Â Â Â Point 2:Â Appellantâs trial counsel rendered ineffective assistance by failing to move for a
psychiatric examination to determine whether Appellant was temporarily insane due
to voluntary intoxication.
Â Â Â Â Â Â On August 31, 1997, William Shook, the complainant, withdrew $100 from an automatic
teller machine. Appellant followed Shook to his car and put a .38-caliber revolver against Shookâs
head. He demanded money and threatened to kill Shook if he did not give him his money. Shook
gave him all of the money; however, Appellant returned $20 in response to Shookâs plea, and then
fled on foot from the scene. Shook flagged down a police officer and told him what had happened. 
The officer arrested Appellant 200 yards from the scene of the robbery. Appellant was in
possession of the revolver and the stolen money. Shook identified Appellant as the robber. 
Appellant was indicted for aggravated robbery with two prior felony convictions as enhancements.
Â Â Â Â Â Â In the absence of a plea bargain agreement, a voluntary plea of guilty waives all non-jurisdictional defects occurring before the entry of the plea. Jack v. State, 871 S.W.2d 741, 743-55 (Tex. Crim. App. 1994); Helms v. State, 484 S.W.2d 925 (Tex. Crim. App. 1972). A
jurisdictional defect is one which âgoes to the very power of the State to bring the defendant into
court to answer the charge against him.â Courtney v. State, 904 S.W.2d 907, 910 (Tex.
App.âHouston [1st Dist.] 1995, pet refâd). Ineffective assistance of counsel is not a jurisdictional
defect. Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994).
Â Â Â Â Â Â Appellant pled guilty to aggravated robbery and true to two prior conviction enhancements. 
This was an open plea with no plea bargain.
Â Â Â Â Â Â Points 1 and 2 assert trial counsel should have requested a psychiatric exam to determine
Appellantâs sanity at the time of the offense. Any error on counselâs part in failing to request such
an exam occurred before Appellant entered his guilty plea. Thus any such error has been waived.
Â Â Â Â Â Â Points 1 and 2 are overruled.
Â Â Â Â Â Â Point 3:Â Appellantâs trial counsel rendered ineffective assistance by failing to object to
unfairly prejudicial portions of the pre-sentence investigation report.
Â Â Â Â Â Â Specifically, Appellant asserts the report which was introduced during the punishment phase
contained three alleged offenses against Appellant which were dismissed. Appellant asserts that
counsel should have objected to this portion of the report.
Â Â Â Â Â Â Ineffectiveness of counsel claims which occur during the punishment phase are judged by the
standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984), and not by the Ex parte Duffy, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980) standard. 
Hernandez v. State (Tex. Crim. App.), delivered April 14, 1999, not yet published. Hernandez
states:
The now familiar two-prong Strickland test usually is stated as: (1) whether counselâs
conduct was deficient, and (2) whether but for counselâs deficient performance, the result
of the proceeding would have been different. See Strickland, 104 S.Ct. at 2064, 2068. 
The Strickland standard contains two tests: attorney performance and prejudice. See id. 
The first prong of the Strickland test (attorney performance ) essentially is the Duffy
standard. See Strickland, 104 S.Ct. at 2064 (proper standard for attorney performance
is that of âreasonably effective assistanceâ). The main difference between Strickland and
Duffy, at least as this Court has applied it, is Strickland requires a showing of prejudice
while Duffy does not require a showing of prejudice. See Strickland, 104 S.Ct. at 2061,
2067. So the issue in this case comes down to whether, as a matter of federal
constitutional law, a defendant must show prejudice as a result of deficient attorney
performance at noncapital sentencing proceedings.

Â Â Â Â Â Â An appellate court strongly presumes that counsel was competent. Miniel v. State, 831
S.W.2d 310, 323 (Tex. Crim. App. 1992). Appellant has the burden to rebut this presumption
by proving that the attorneyâs representation was unreasonable under prevailing professional norms
and that the challenged action was not sound strategy. Jackson v. State, 877 S.W.2d 768 (Tex.
Crim. App. 1994).
Â Â Â Â Â Â Trial counsel appeared in court three times on behalf of Appellant. He filed a motion for a
psychiatric examination to determine Appellantâs competency to stand trial, which the court
granted. A psychiatric exam was performed and the psychiatrist and the court concluded that
Appellant was competent to stand trial. Counsel made a motion for community supervision. He
offered Appellant and three witnesses for Appellant during the punishment phase and he made a
strong argument for lenient punishment. Apparently the trial court was persuaded by these efforts
because it sentenced Appellant to the minimum amount of time allowed under the law for
aggravated robbery with two prior convictions.
Â Â Â Â Â Â Point 3 is overruled. The judgment is affirmed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 2, 1999
Do not publish 




these contentions which we are unable to determine based on the record before
us.  The evidence the trial court needed to decide the issue is what portion of
the payments being received represent a return of principal and what portion
represents the interest being earned for the use or forbearance of the entire
amount of the settlement proceeds.[1]

All annuities have three critical components.Â  For
the payment of a sum of money by one person or entity, the recipient of the
payment will pay money to another person the amounts on the dates agreed to in
the annuity contract.Â  Thus, the three critical elements are (1) the receipt of
money, (2) the passage of time, and (3) the payment or return of money.Â 
Inherent in this process is the inclusion of interest for the acceptance of the
payout of the settlement over time.

Deviation from the Guidelines

The legislature demonstrated its intent to allow
the trial court to deviate from a purely mathematical formula for calculating
child support by enacting Section 154.123.Â  TEX. FAM. CODE ANN. Â§
154.123(3) (Vernon 2008).Â  This provision allows the Court to consider, among
other things, Âany financial resources available for the support of the childÂ
in deviating from the child support guidelines.Â  In this case, the trial court
specifically did not utilize this provision.Â  There is no question that the
trial courtÂs computation of child support was based on the complete exclusion
of all of the monthly annuity payments.Â  This was erroneous.Â  We sustain the
Attorney GeneralÂs sole issue.




Conclusion

Having found that the exclusion of the entire
annuity on these facts was erroneous, we reverse and remand to the trial court
for further proceedings in accordance with this opinion.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice Davis

Reverse and Remand

Opinion delivered and
filed July 1, 2009

[CV06]









[1] We do not reach the question of whether any
portion of the annuity payment actually represents a return of principal
because the record is not clear about the financial arrangements regarding the
settlement and resulting purchase of the annuity.Â  The focus of the hearing was
on the entire annuity amount rather than the details about its original purchase.